## BARNEY v. BUSH.

1. When the record recites, that the plaintiff demurred to the plea, that his demurrer was sustained, and that the defendant was required to answer further, this court will intend that a demurrer was interposed, though none appears in the record.

2. An owner of slaves, may be sued for the default of his slaves, in not working on the road, in the county in which his slaves reside, though he is a resident freeholder of another county.

3. Such suit may be brought in the name of the overseer of the road.

Error to the Circuit Court of Washington.

THIS was a proceeding by warrant, commenced before a justice of the peace, by the defendant in error, as an overseer of the road, against the defendant in error, for the default of his hands in failing to work on the road. The justice rendered judgment for $45, and costs, from which Barney appealed to the County Court.

In that court a declaration was filed, to which the defendant pleaded in abatement, that he was a resident free holder of the county of Marengo, and not liable to be sued in Washington county. To this it was replied, that the slaves of the defendant resided in Washington county, and were liable to work on the road.

From the record it appears, that the court sustained a demurrer to the plea in abatement, and required the defendant to answer over, but no demurrer is found in the record. The jury found a verdict for the plaintiff, from which the defendant prosecuted a writ of error to the Circuit Court, where the following errors were assigned:

1. There was no judgment by the justice of the peace.

2. The justices warrant was never executed.

3. The demurrer should have been overruled as insufficient in form.

4. The declaration contained no cause of action.

5. The plea was insufficient, and the demurrer should have been overruled.

44

6. The judgment was erroneous.

The Circuit Court affirmed the judgment, and this writ was prosecuted to this court, and errors assigned.

1. That after the issue joined, the court erred in sustaining the plea in abatement.

2. In sustaining the demurrer to the plea.

3. In not overruling the demurrer to the plea, because of the defects in the declaration.

STEWART, for the plaintiff in error, contended, that the judgment on the demurrer was wrong, because no demurrer was found in the record, but a replication to the plea.

The action should have been in the name of the State, for the use of Washington county, and not in the name of the overseer of the road.

The declaration is insufficient, and the demurrer will reach it.

The plea was a good one.    [See Clay's Dig. 342, § 163.] Barney not being a resident of Washington, was not subject to suit there.

T. D. CLARKE, contra.    The plea is bad.    The statute (Clay's Dig. 511, § 17,) provides, that suits of this description shall be brought in the "proper beat," evidently referring to the beat in which the services should have been performed.

No question arises upon the declaration, as the demurrer to the plea in abatement does not reach it.

ORMOND, J.—Although no formal demurrer appears in the record, we must intend such to be the fact, as the record declares that the plaintiff demurred to the plea, that his demurrer was sustained, and that the defendant was required to answer further, and thereupon came a jury, &c.    As to the want of a formal issue, it has repeatedly been held not to be essential.

We think the action was properly brought in the name of the overseer of the road.    The 18th section of the law (Clay's Dig. 511,) gives the power of suing defaulters, to any person liable to work on the road, "if the overseer fails to prosecute

defaulters as the law directs;" from which the implication is very strong, that the overseer is the proper person ¦to sue. This implication is strengthened by the provisions of the 20th section, which directs all persons, or officers, into whose hands any money received on account of fees may come, to pay it over to the overseer of the proper road, to be expended in its improvement; and still more by the 17th section, which declares that the overseer shall not pay costs, if a defaulter be exonerated; a provision which would be wholly useless, if the suit was not to be in his name.

No question arises on the declaration. A demurrer to a plea in abatement, does not reach the declaration, because the plea extends only to the action of the writ.

The only question of any difficulty remains to be considered, whether an owner of slaves residing in another county, can be sued in the county where a default takes place, for the omission of his slaves to work upon the road.

The act prohibiting suits against a freeholder, out of the county of his permanent residence, applies to suits before a justice of the peace, [Read v. Coker, 1 Stew. 22;] but in our opinion it does not apply to the present case. This suit, although in the name of the overseer of the road, is, in reality, at the suit of the State. The language of the act is, "and in no case shall an overseer pay costs, if a defaulter be exonerated; provided, that the costs shall be paid as in *other* State cases." The construction contended for, would render the act powerless, in all cases where the owner resided in another county, and had no overseer on his plantation; we are clear, both from the letter and the spirit of the act, that for a default of this kind, the owner may be sued in the "beat," where the default occurs, although he has a freehold residence in another county.

Let the judgment be affirmed.