## BEVERLY et als. vs. STEPHENS.

1. When the judgment entry recites, that the cause had been "transfered from the United States Circuit Court for the Fifth Judicial Circuit and Southern District of Alabama to this court, by the consent of parties, and now on this day came the parties by their attornies, and by the agreement of the parties, the award of the arbitrators made in this case, together with the stipulations and the agreements extending the time for the completion of said arbitration, are filed and made a part of the record in this case," it will be intended that such recital is true, and that the court rendering the judgment had rightful jurisdiction of the cause.

2. Attornies at law may submit matters in litigation in a cause, in which they are engaged, to arbitration, and consent of record that the award be made the judgment of the court.

Error to the Circuit Court of Mobile. Tried before the Hon. John Bragg.

Beverly et als. v. Stephens.

THE facts are sufficiently stated in the opinion of the court to render it intelligible.

LOMAX, for the plaintiffs in error:

No omission or irregularity in the proceedings in the Circuit Court can be supplied by intendment.—Brown v. Wheeler, 3 Ala. 287; 8 Port. 360; Allums et al. v. Hanley, 8 Ala. 586; 15 ib. 81; 14 ib. 573. The first introduction of the cause into the Circuit Court was the rendition of the judgment. The recital in the record is no evidence that the suit was transfered to that court.—Saunders v. Morse, 3 How. (Miss.) Rep. 101.— When the suit was discontinued from the U. States Court, it could only be revived by new process. Had the suit been regularly pending in the Circuit Court, judgment could not thus have been had on the award, the reference not being made a rule of court.—Scarborough v. Renolds, 12 Ala. 262; 1 Steph. *Nisi Prius*, 35-42; 2 Chitty's Prac. 77; Russell on Pow. of Arb. 57-89; Owen v. Hurd, 2 Term Rep. 643; Lessee of Barnett v. Eckford, 4 Wash. Cir. Ct. Rep. 325. These agreements do not appear to be made by attornies of the court.

Botts' assent, if implied, cannot affect the other defendants. Story on Part. 179, and 1 Steph. 59, and references.

The judgment cannot be sustained as a judgment by confession. Such authority can only be confered by warrant of attorney *under seal*, and the record at least must show that it was exhibited and proven to the court.—See Hodges et al. v. Ashurst, 2 Ala. 301, and Bissell v. Carville & Co. 6 ib. 503.

HAMILTON, for the defendant:

1. The judgment of the court was rendered by consent of parties. This court may well presume the judgment below to have been by consent of parties in open court. To all intent it was a judgment by confession, and no writ, declaration or formal suit, was necessary.—2 Ala. 301; Minor's Rep. 92-19-125.

2. The action of an attorney in a cause is binding on his client.—1 Salk. 86; 6 Johns. R. 296; 3 Porter R. 269; 11 Ala. 818. The maxim, "*Consensus tollit errorem*," applies.—Broom's Legal Maxims, 59, (50 Law Lib.)

3. The agreements made by counsel and by the parties, are refered to in the judgment entry and made a part of the record,

and will be looked into by this court, if necessary—(2 Ala. 301; 9 ib. 127)—and by these there appears to have been a sufficient submission.

4. An attorney may submit a cause to arbitration, and may extend the time.—Watson on Awards, 79, (59 Law Lib.); 7 Cranch Rep. 449; 16 Mass. R. 396; 12 ib. 47.

5. The statutory mode provided for an award does not deprive parties of the right to submit their differences in any other way.—1 Ala. 278.

6. If there was any objection to the award, it should have been made before the judgment. But the judgment is by consent.—9 Ala. 128.

CHILTON, J.—1. It is insisted on the part of the plaintiffs in error, that the record in this case shows no suit or other proceeding pending in the Circuit Court, on which a judgment could be rendered against them. We do not think this objection is sustained by the record. It is true the proceedings were commenced in the Circuit Court of the United States, holden at Mobile, but the record shows that, by consent, the cause was transfered to the Circuit Court, where the judgment was rendered. This is not only shown by a recital in the judgment entry, but it sufficiently appears by the agreement of the counsel refering the cause to arbitrators, and an agreement, signed by the attornies of the defendants below, extending the time for the arbitrators to make their award, which agreements are made parts of the record, as appears by the judgment entry. This court is constantly called upon to sustain judgments upon the presumed verity of recitals in judgment entries.—Barney v. Bush, 9 Ala. 345; Ib. 368; Spence v. Rutledge, 11 ib. 590; 15 ib. 841; 16 ib. 140; Ib. 695. The case of Saunders v. Morse, 3 How. (Miss.) Rep. 101, cited by the counsel, is not in point. There the jurisdiction of the court, to which it was alleged the venue had been changed, was attempted to be sustained by the certificate of the clerk that the cause had been transfered by change of venue. It is clear that such certificate formed no part of the record, and could not be looked to.—Such is the uniform practice.

2. The cause then being properly before the Circuit Court of Mobile, we are unable to perceive any error in the record.

The attornies on each side submit the matter in dispute to arbitration, and their submission, with the award of the arbitrators regularly made out, is filed in court and made part of the record, and the award thus made out and returned is made the judgment of the court, *the parties by their attornies appearing in court and agreeing thereto.* There was no application made to open or set aside this judgment, and there is not any evidence showing that the attornies acted in the matter, without full consent and authority on the part of their clients. No objection whatever was made to the award in the court below, and if the attornies in a cause can submit the matters in controversy to arbitration, and consent that the award be made the judgment of the court, then there is an end of this case.

Mr. Russell, in his treatise on the Powers and Duties of Arbitrators, page 32, says, "Attornies and solicitors are agents who are clothed with peculiar powers of affecting their clients' interests. Where a person has given an attorney any general authority to act for him in legal proceedings, the courts have always been inclined to hold him bound by his attorney's acts, and yield with reluctance to any complaint that the attorney has acted beyond or contrary to the authority given him, in consenting to a reference." It seems to be well settled in England, that attornies, engaged in the management of a cause, have power to submit it to arbitration—(Watson on Arbitration, &c. 79; Bacon's Abr. tit. Arbitrament, &c. c.)—where it is said no special authority is required for that purpose. The American authorities are not altogether so uniform, but the decided weight of authority is in favor of the power.—See Denton v. Noyes, 6 Johns. Rep., (per Kent, C. J.,) 300; 1 Dall. 164; Holker et al. v. Parker, 7 Cranch, 436; 1 Monr. 377; 16 Mass. Rep. 396—see the English cases cited by Russel & Watson, *supra.* We think the better opinion is, that attornies may submit matters in litigation in the cause, in which they are engaged, to arbitration, and *consent of record that the award may be made the judgment of the court,* as in this case. It was early settled by our predecessors, that an attorney may suffer judgment by confession, without exhibiting any warrant, if he appear in the cause.—Hill v. Lambert et al. (Minor's) Ala. R. 91; Ib. 19; Ib. 125. And the appearance of counsel for a party has uniformly been held to dispense with service of process on the party himself, and

this, whether the attorney was employed or not, if the record shows an appearance,—the remedy in such case being against the attorney for his unauthorised act.—See Gilbert v. Lane, 3 Port. Rep. 267; Bissell et al. v. Carville & Co. 6 Ala. R. 503. So also, his solemn admissions made in the progress of the trial are binding upon his client.—Stack & Moore v. Kenan's Ex'rs, 11 Ala. 820. In the case before us, the counsel for the defendants below consented of record, upon the trial, that judgment might be entered for the plaintiff, which was accordingly done. Now without stopping to inquire whether the authority of an attorney to submit to arbitration extends to the vacation between the courts, or may only be exercised in court, we think the acceptance of the award, and the consent in court appearing of record, that it be made the judgment of the court, is altogether sufficient, and as effectual to bind the defendants, as if the award had strictly conformed to the statute. Any other decision would embarrass the administration of justice in our courts, and constantly devolve upon them the necessity of instituting inquiries into the authority of attornies. Besides, it would deprive attornies at law of that discretion reposed in them for the benefit of their clients, the proper exercise of which rarely fails to advance the interest of suitors, while it facilitates the business of the courts. If they transcend their authority, the law does not leave the injured client remediless, but, in most cases, arms him with effective summary means of redress.—This observation is not, however, suggested by any thing appearing in this case; as there is nothing whatever tending to show that the counsel, engaged in the cause in the court below, transcended their authority, or contravened the wishes of their clients. Indeed, as to one of them, (Botts,) the record shows expressly the reverse, for he is a party in proper person to one of the agreements providing for the arbitration, and signs for the other defendants. We lay no stress, however, upon what he has done in the matter of the reference, since in our opinion, the judgment is good, without regarding it. The cases refered to by the counsel for the plaintiffs in error, of Hodges et al. v. Ashurst, 2 Ala. 301, and Bissel v. Carville, 6 ib. 503, are cases, where judgments were confessed, as shown by the entries of record, under authority purporting to have been confered by powers of attorney, which were not, however, made portions of

the record; yet, being recited in the judgment entries, it was held, that the judgments were correct. The principle of these decisions does not militate against the authority of an attorney to consent, upon the hearing of the cause, that judgment may go against his client for a certain sum. We see no difference in principle in permitting a judgment to be rendered, as it was here done, and the attorney's withdrawing a plea and permitting judgment to be entered *nil dicit*.

Our conclusion is, that the judgment of the Circuit Court must be affirmed.