NOWLIN *vs.* McCALLEY.

[MOTION AGAINST SHERIFF FOR FAILURE TO COLLECT MILITIA FINES.]

1. *Courts-martial held courts of special jurisdiction.*—Under the military code of this State, courts-martial are courts of special and limited jurisdiction; and, consequently, the validity of their proceedings is to be tested by the rules applicable to other courts of limited jurisdiction.

2. *Jurisdiction of battalion court-martial.*—A battalion court-martial can only try defaulters at battalion musters : it has no jurisdiction to assess a fine against a person for refusing to accept an appointment as captain, and neglecting to fill vacancies in his company by election or appointment; nor for his failure to attend in person, and neglecting to order the defaulters of his company to attend, the court-martial by which the fine is imposed; nor for his failure to present to the court-martial, or to his superior officers, a muster-roll of his company.

3. *Jurisdiction of circuit court as to amount.*—A motion against a sheriff, for failing to collect a fine assessed by a court-martial, cannot be made in the circuit court, when the amount of the fine is less than fifty dollars.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. NAT. COOK.

THIS proceeding was instituted under the 13th chapter of the Military Code of Alabama, in the name of William J. McCalley, as paymaster of the 33d regiment of militia, against David S. Nowlin, as sheriff of Madison county, for his failure to collect several fines, amounting to $64, which had been assessed by a court-martial against Capt. Albert P. Boone. The court-martial by which the fines were assessed, is described in the opinion of the court. The charges preferred against Capt. Boone, for which the fines were imposed, were as follows: 1st, failing and refusing to assume the command of a company, of which he had been appointed captain by Maj. Sanderson, and to fill to vacancies afterwards occurring in the company; 2d, failing to attend the battalion drill and muster, to give his officers and men notice of the drill and muster, and to appoint his non-commissioned officers ; 3d, failing to attend the court-martial by which the fines were assessed, which he had been notified to attend; and, 4th, failing to

return to the court, or to his superior officers, a muster-roll of his company, showing the number of defaulters, &c. On the first charge he was fined $5; on the second, $25; on the third, $4; and on the fourth, $30. The certificate of the president of the court-martial, showing the fines assessed against Capt. Boone and others, was placed in the hands of the defendant, that he might collect the fines; and, at the same time, the proceedings of the court-martial were exhibited to him. Many questions were raised in the court below, respecting the admissibility of evidence, the jurisdiction of the court-martial, and the regularity of its proceedings; none of which, however, require special notice. The court charged the jury, "that if said Boone resided in Madison county, and had sufficient property out of which the sheriff might have made the amount of said fines; and if the defendant was the sheriff of said county, and as such received the certificate of fines read in evidence, and could have collected said fines by the use of ordinary diligence, but failed to do so, —then the plaintiff was entitled to recover in this motion the amount of said fines, with ten per cent. damages thereon;" to which charge the defendant excepted, and which, with other matters, he now assigns as error.

ROBINSON & JONES, for the appellant.

WALKER, CABANISS & BRICKELL, contra.

STONE, J.—Under our Military Code, as adopted by joint resolution Feb. 10, 1852, various grades of courts-martial, with varying powers, are provided for. The one in which these proceedings originated was a battalion court-martial, under chapter X, section 8, of that code. We thus characterize this court, for the following reasons: 1st, the certificate of fines, furnished to the sheriff, has this caption, "List of fines assessed at a battalion court-martial," &c.; 2d, the president of the court certified the proceedings as those of a battalion court-martial; 3d, the caption to the specifications preferred against Captain Boone gives the same designation to the court. Indeed, the entire record leaves no room for doubt that this was

a battalion court-martial, and we shall treat its proceedings accordingly.

Let us now inquire to what extent this battalion court-martial was authorized to assess the fines which it did assess against Capt. Boone. The authority for holding this court is conferred in the following language: "There shall be holden battalion courts-martial, for the trial of defaulters at battalion musters; which courts-martial shall be ordered by the commanding officers of battalions, and held within twenty days after the respective battalion musters, and shall consist of not less than seven commissioned officers."—Chapt. X, § 8.—We find no other provision of the code which authorizes battalion courts-martial, or defines their powers.

Courts-martial are courts of special and limited jurisdiction.—Mills v. Martin, 19 Johns. 7; Brooks v. Adams, 11 Pick. 441; Hall v. Howd, 10 Conn. 514. Applying, then, the rules governing special and limited jurisdictions to the facts of the case, what are we to understand by the expression, "defaulters at battalion musters?" Chapter X of the Military Code provides for military courts. Section 3 prescribes the regulations under which said courts shall be detailed, "whenever charges shall be preferred against any officer, non-commissioned officer, musician, or private." The courts provided for in this section sit on special cases in which "charges are preferred." They are separate from, and independent of the annual "brigade courts-martial," directed by section 4; "regimental courts-martial," as directed by section 7; "battalion courts-martial," by section 8; and "company courts-martial," by section 9. These last mentioned courts are a permanent institution, required to be held within a given period after the several musters or trainings to which they appertain.

The powers of a battalion court-martial are much more restricted than those of a regimental court-martial. While the former can only try defaulters *at battalion musters*, the latter are authorized to try and punish defaulters at regimental trainings, and for any other "offense of omission or commission against the military laws of this State at

such training, or previous thereto and subsequent to the previous annual training of such regiment, which shall be punishable by fine, except such offenses as shall be cognizable before a company or battalion court-martial, unless brought up by appeal."—Chap. X, § 7. .

We feel constrained by the language of the code above copied, to hold that the powers of battalion courts-martial are limited to defaults at the battalion musters; and that for the trial and punishment of all military offenses, other than those over which jurisdiction is specially conferred on battalion and company courts-martial, (§§ 8 and 9,) the authority of the court must be derived either from section 3 or section 7.

Having thus laid down the extent of power which this military court could rightfully exercise, let us inquire, what offenses of Capt. Boone were committed at the *battalion muster?* To no greater extent had the court jurisdiction of them.

The first and third of the specifications preferred against Captain Boone fall entirely without this rule. Neither of said specifications alleges a default committed at the battalion muster, either in whole or in part. The fourth specification falls also entirely without the rule. The default there complained of was committed, if at all, at the very court-martial at which he was being tried.

In addition to the reason above stated, we may add, that to impose a fine against any defaulter, for failing to attend the court-martial at which such fine is imposed, would deprive the defaulter of the right to "make affidavit that he had no knowledge thereof [of the court-martial] in time to reach the place of holding said court."—See chapt. X, § 16. This provision evidently contemplates, that such default shall not be tried until a subsequent court is convened.

The 2d specification is, in part, for a default committed at the battalion muster, and in part for prior defaults. As the record affords no *data* for determining what part of this fine was imposed for the one, and what for the other default, if it were necessary to the decision of this case we would probably feel it our duty to hold this

44

amercement illegal. We need not, however, decide this question.

The fine assessed under the 2d specification is twenty-five dollars. Even if there were no question about the jurisdiction of the military court as to this particular fine, the amount of it fails to confer on the circuit court jurisdiction of this motion against the sheriff. The only statute which authorizes this proceeding, is section 6 of chapter XIII. It designates as the forum in which the motion shall be made, "any court having jurisdiction of the amount." Circuit courts have no original jurisdiction, unless the matter or sum in controversy exceeds fifty dollars.—Constitution of Ala., Art. V, § 6; Cahuzac v. Samini, 29 Ala. 288; see, also, Military Code, chapt. XV, § 4.

We have thus shown that more than half the amount of the fines assessed against Capt. Boone were imposed by a court having no jurisdiction of the offenses charged; and that, as to the balance, the circuit court had no jurisdiction of the motion against the sheriff. Another question it may be proper to notice.

It may be contended that the certificate of fines in this case appeared to be regular on its face; and that, in such case, the sheriff, if he had levied on the property of Capt. Boone, could have justified under said certificate, as the process under which he was acting. This legal principle might be conceded, without affecting the result of this case.—See Cow. & Hill's Notes to Phill. Ev. (ed. by Van Cott,) Part II, p. 201. A very different rule, however, prevails, when the attempt is made to proceed against the sheriff for not executing process issued on a void judgment. It is a perfect defense to such ministerial officer, that the process, with the failure to execute which he is charged, is void on its face, or that it issued on a judgment which is void for defect of jurisdiction. See Forward v. Marsh, 18 Ala. 645; Allen v. Ward, 8 Mass. 79.

It may be doubtful whether the sheriff could have justified under the certificate of fines, if he had made a levy. At the time when that paper was placed in his hands,

the proceedings of the court-martial were shown to him. Those proceedings gave him notice of the defaults for which Capt. Boone had been fined, and the military court by which the fines were imposed. Whether he was required to decide upon the validity of the proceedings, or whether he would have been justified under the circumstances in making a levy, we need not now determine. See Duckworth v. Johnson, 7 Ala. 578; Forward v. Marsh, *supra;* Cow. & Hill's Notes, (by Van Cott,) 2d part, pp. 200–1, 832–3; Allen v. Ward, *supra.*

The judgment of the circuit court is reversed, and the cause remanded.