## JAMES *vs.* CLARKE COUNTY.

[ACTION TO RECOVER STATUTORY PENALTY FOR FAILURE TO WORK ROAD.]

1. *Mode of warning hands.*—When an overseer of slaves is warned to work on a public road, (Code, § 1166,) the failure to send the slaves under his charge is his default, and not that of his employer; nor is the employer rendered liable to the statutory penalty, (Code, § 1169,) by the fact that, when informed by the overseer of such warning, he directed the latter not to send the slaves to work on the road.

APPEAL from the Circuit Court of Clarke.
Tried before the Hon. THOS. A. WALKER.

THIS proceeding was instituted against Lorenzo James, before a justice of the peace, to recover the statutory penalty for a default in not working on a public road. The justice having rendered a judgment against the defendant, the latter sued out a *certiorari* before the probate judge, and removed the proceeding into the circuit court. On the trial in the circuit court, numerous exceptions were reserved by the defendant to the rulings of the presiding judge, of which it is only necessary to notice the one on which the case is here made to turn, and which is thus stated in the bill of exceptions : "Evidence was introduced tending to show, that seven slaves, belonging to the defendant, were apportioned to work on a public road, for neglecting or refusing to work which the defendant was returned as a defaulter ; that these seven slaves were plantation hands, and lived on the defendant's plantation, under the charge of an overseer, at some distance from the residence of the owner, but in the same road precinct ; that the only notice to send these hands to work on said road was given, in writing, to the overseer, at least two days before the time when they were required to work on said road, but no other notice was given to the defendant by the overseer of the road ; that the defendant's overseer, who had been notified, informed the defendant of it, and the defendant directed him not to send his hands to work

on the road. The defendant asked the court to instruct the jury, that if the notice to send his hands to work on the road was given to his overseer, and not to himself personally, then he was not liable for a default in not sending them; which charge the court refused to give, and the defendant excepted." The refusal of this charge, with other matters, is now assigned as error.

GOLDTHWAITE & SEMPLE, for the appellant.

THOMAS WILLIAMS, *contra*.

RICE, C. J.—The mode of warning hands to work on a public road is prescribed by section 1166 of the Code. The defendant was not warned in that mode. His overseer was warned; and the overseer, after being warned, informed the defendant of the fact, who thereupon directed the overseer not to send the slaves to work on the road. There is no authority for this proceeding, unless it can be sustained by the Code. It cannot be thus sustained. When the overseer is lawfully warned, the failure to send the slaves is his default, and not that of the employer. The fact that the overseer, after being warned, informed the employer of it, and that the employer thereupon directed him not to send the slaves to work on the road, cannot make the employer liable for the default, when he has not been warned in the mode prescribed by section 1166 of the Code.—See, also, Code, § 1169; Keenan v. Comm'rs' Court of Dallas, 26 Ala. 568; Connolly v. Ala. & Tenn. R. R. Co., 29 Ala. R. 373; Nowlin v. McCalley, 31 Ala. 678; Bettis v. Taylor, 8 Porter, 564.

For the error in refusing the charge asked by the defendant, the judgment of the circuit court is reversed, and the cause remanded.