## WALKER *vs.* HUNTER.

[MOTION AGAINST SHERIFF FOR FAILURE TO MAKE MONEY ON FI. FA.]

1. *Supersedeas; description of execution.*—In the description of an execution in a *supersedeas,* the only essential particulars are, the parties, the amount required to be made, the court from which, and the time when it was issued. When the sheriff is ruled for failing to make the money on the execution, and relies on the *supersedeas* proceedings as a defense, a defective description of the execution in the *supersedeas* may be aided by reference to the petition, fiat and bond to which it refers; and the execution which was superseded being thus identified with the execution on which the motion is founded, the plaintiff cannot take advantage of immaterial discrepancies between it and his own description of it in his motion.

APPEAL from the Circuit Court of Chambers.

Tried before the Hon. JNO. GILL SHORTER.

AT the September term, 1858, of the circuit court of Chambers, the appellant made a motion for a summary judgment against William H. Hunter, the sheriff of said county, and the sureties on his official bond, for the failure of said sheriff to make the money on an execution, which was thus described in the motion: "A writ of *fieri facias,* issued from the office of the clerk of the circuit court of Chambers county, on the 14th day of April, 1858, in favor of Maria Walker, executrix of John H. Walker, deceased, plaintiff, and against Benjamin L. Goodman, Robert Mitchell, James S. Mitchell, and James E. Reese, defendants, for the sum of $3,784, due by original judgment rendered the 26th day of March, 1853, and the further sum of $378 as damages awarded by the supreme court in said cause, with interest thereon from the 26th day of March, 1853, and $190 57 costs of suit, returnable to the term of said circuit court to be holden for said county of Chambers on the second Monday in September, 1858. The bill of exceptions states, that the defendant "took

issue on the allegations of plaintiff's motion, and also filed a special plea; to which special plea the plaintiff demurred, on the ground that the *supersedeas* does not embrace the execution in this case; which demurrer being overruled, the plaintiff excepted, and then took issue on said special plea." In another part of the bill of exceptions the pleadings are set out, showing that the defendant "took issue on the allegations of the plaintiff's motion", and pleaded, in short by consent—1st, "that the execution described in plaintiff's motion was issued by the clerk of this court without authority of law"; and, 2d, "that the execution on which the plaintiff's motion is founded was returned by defendant, on the 6th September, 1858, to the office of the clerk of this court, without making the money, by virtue of an order, or *supersedeas*, issued by the clerk of this court on the 30th July, 1858, and served on defendant as sheriff on that day, as is evidenced by his acceptance of service,—which said writ, or order, superseding said execution, is hereto attached, and made part of this plea, by consent, as though set out at length"; and that the plaintiff took issue on the first plea, and replied to the second, "in short by consent, that the execution mentioned has not been superseded."

On the trial, as appears from the bill of exceptions, the plaintiff read in evidence the execution on which her motion was founded, which was issued from the office of the clerk of said circuit court on the 14th April, 1858, and commanded the sheriff to make of the goods and chattels, &c., of Benjamin L. Goodman, Robert Mitchell, James S. Mitchell, and James E. Reese, "the sum of $3,784, which Maria Walker, executrix of John H. Walker, deceased, recovered of Benjamin L. Goodman and Robert Mitchell, on the 26th day of March, 1853, by the judgment of our circuit court held for the county of Chambers, together with ten per cent. damages thereon—to-wit, the sum of $378 damages—awarded by the supreme court of the State of Alabama against them, and also against the said James S. Mitchell, security upon appeal bond to said supreme court,—which several sums having been enjoined by them, and the injunction dissolved, is

due from them and the said James E. Reese, security on the injunction bond, as certified to me by Andrew J. Carlisle, register of said chancery court; besides the costs of said suit", &c. The plaintiff then proved, that the defendant Hunter was the sheriff of the county when this execution went into his hands; that the other defendants were the sureties on his official bond; and that the defendants in said execution, while the writ was in the sheriff's hands, had property in their possession, subject to said execution, and more than sufficient to satisfy it. She then proved and read in evidence—1st, the original judgment in her favor, against said Benjamin L. Goodman and Robert Mitchell, which was rendered on the 26th March, 1853; 2d, an appeal bond, executed by said Goodman and Mitchell on the 29th April, 1853, together with James S. Mitchell as their surety, for the purpose of removing the case to the supreme court; 3d, a certificate of the clerk of the supreme court, dated the 24th February, 1857, to the effect that the judgment had been affirmed by the supreme court, with ten per cent. damages, against the original defendants and James S. Mitchell, their surety on the appeal bond; 4th, the record of a chancery suit, instituted by said Goodman and Mitchell on the 12th March, 1857, for the purpose of perpetually enjoining the said judgment at law,—in which suit, the bill was dismissed by the chancellor, for want of equity, and the injunction dissolved, at the May term, 1857; 5th, an appeal bond, executed by said Robert Mitchell, on the 18th June, 1857, with J. W. Kellam as his surety, on prosecuting an appeal from the chancellor's decree to the supreme court; 6th, a bond executed by said Robert Mitchell, on the 28th August, 1857, with James S. Mitchell as his surety, for the purpose of reinstating the injunction until the determination of the appeal; 7th, a certificate of the clerk of the supreme court, dated the 6th April, 1858, stating that the chancellor's decree had been affirmed by the supreme court, with ten per cent. damages; and, 8th, a certificate of the register in chancery, dated the 14th April, 1858, certifying to the said circuit court the proceedings had in the injunction suit.

The plaintiff having here rested her case, "the defendant then read in evidence, against the plaintiff's objection, his return as sheriff on the execution mentioned in the plaintiff's motion, as follows: 'By virtue of an order and writ of *supersedeas*, issued out of the circuit court of Chambers county, and dated the 30th day of July, 1858, I have stayed all proceedings on the attached execution, and returned the same to said court, this 6th September, 1858'; and then offered in evidence the following petition, with the fiat, bond and *supersedeas* issued thereon," &c. The petition for a *supersedeas* alleged, that at the spring term, 1853, of the circuit court of Chambers, Maria Walker, as executrix of John H. Walker, deceased, obtained a judgment against the petitioners, Benjamin L. Goodman and Robert Mitchell, for $3,784; that from this judgment the petitioners sued out an appeal to the supreme court, where such proceedings (alleged to be void) were had, that in February, 1857, the clerk of said court sent down to the clerk of the circuit court a certificate of affirmance, with ten per cent. damages; that the clerk of the circuit court then issued an execution on said judgment, "against the petitioners as principals, and James S. Mitchell and James E. Reese, their securities, for the amount of the judgment of said circuit court, with the costs, and ten per cent. damages thereon; which execution is now in the hands of the sheriff of said county, and is the only one in his hands to which these petitioners are parties." In the *supersedeas* bond, the execution is described as having been "issued by the clerk of the circuit court of Chambers county, on the 14th day of April, 1858, in favor of Maria Walker, executrix of John H. Walker, deceased, against Benjamin L. Goodman, Robert Mitchell, James S. Mitchell, and James E. Reese, on a judgment obtained by said Maria Walker, executrix &c., against the said Benjamin L. Goodman and Robert Mitchell, in our said circuit court, then and there held for said county, on the 2d Monday in March, 1853, for the sum of $3,784 10, together with costs of suit, and the further sum of $378 40, damages adjudged by the supreme court." In the *supersedeas*, the execution is described as having been

"issued by the clerk of the circuit court of Chambers, on the 14th day of April, 1858, on a judgment obtained by Maria Walker, executrix &c., at a court held in and for said county of Chambers, on the second Monday in March, 1853, against Benjamin L. Goodman and Robert Mitchell, and now in the hands of the sheriff of said county, and the only one in his hands to which the said petitioners are parties," &c.

"The foregoing being all the evidence in the cause, the court thereupon charged the jury, at the request of the defendant, that if they believed the evidence as shown in the record and proof submitted, then the execution mentioned in plaintiff's motion was superseded, and on that issue they ought to find in favor of the defendants; to which charge the plaintiff excepted."

In consequence of the adverse rulings of the court above stated, to which exceptions were reserved, the plaintiff was compelled to take a nonsuit; and she now assigns these rulings of the court as error, and moves to set aside the nonsuit.

J. FALKNER, and S. F. RICE, for appellant.

L. E. PARSONS, and WM. P. CHILTON, contra.

R. W. WALKER, J.—The appellant moved against the sheriff and his sureties, for the failure of the former to make the money on an execution which is described in the motion. In support of the allegations of her motion, the appellant introduced in evidence the execution which is set out in the record; and she will not now be heard to say that it does not correspond with her own description of it. The execution is described in the motion as having been issued from the office of the clerk of the circuit court of Chambers county, on 14th April, 1858, "in favor of Maria Walker, executrix of John H. Walker, deceased, plaintiff, and against Benjamin L. Goodman, Robert Mitchell, James S. Mitchell, and James E. Reese, defendants, for the sum of $3,784, due by original judgment rendered the 26th March, 1853, and the further sum of $378 as damages awarded by the supreme court, with

interest thereon from the 26th March, 1853, and $190 57, costs of suit, returnable to the term of said circuit court to be holden for said county of Chambers on the second Monday in September, 1858."

The writ of *supersedeas* served upon the sheriff, refers upon its face to the petition, fiat, and *supersedeas* bond; and we think that the sheriff had the right, *in his defense*, to resort to these for the purpose of supplying any want of fullness in the description which is given of the execution in the *supersedeas* itself.—See Welch v. Jones, 11 Ala. 661; Morrison v. Wright, 7 Porter, 67; Satterwhite v. State, 28 Ala. 70. While it may be true that the sheriff is not *bound* to look beyond the *supersedeas* served upon him, and could not be made liable for proceeding with the execution unless it was described with reasonable certainty in the *supersedeas*, (Payne v. Governor, 18 Ala. 322;) it does not follow, that in case he has obeyed the *supersedeas*, he may not help out the defective description of the execution in the *supersedeas*, by reference to the petition, fiat and bond to which it refers, and thus show, in his defense, that the execution in his hands, and on which he has suspended proceedings, was that to which the *supersedeas* was in fact applicable.—See 31 Ala. 678.

In order to the protection of the sheriff, it is not necessary that the *supersedeas*, or the petition and bond referred to by it, should describe the judgment upon which the execution issued with the same accuracy as is required in injunction and appeal bonds. These bonds affect the judgment itself, not simply the execution issued on it; and, on their breach, they have the force and effect of statute judgments. In such bonds, a misdescription, in an essential particular, of the judgments upon which they operate, is fatal.—Wiswall v. Munroe, 4 Ala. 9; Satterwhite v. State, 28 *ib.* 69; Dumas v. Hunter, *ib.* 688.

But a *supersedeas*, such as that which was issued in this case, is not intended to operate upon the judgment, but only on a particular execution in the hands of the sheriff. The officer is protected in obeying it, if the writ, either by itself, or in connection with the petition, fiat and bond to which it refers, shows with reasonable cer-

tainty, that the execution in his hands is that to which the *supersedeas* is applicable. The only essential matters in the description of an execution, are the parties, the amount required to be made, the court from which, and the time when it was issued.

The petition avers the recovery of the original judgment at the spring term, 1853, of Chambers circuit court, in favor of the appellant, against Benjamin L. Goodman and Robert Mitchell, for $3,784, besides costs;—that said judgment was taken to the supreme court, where it was affirmed, with ten per cent. damages thereon; and that "the clerk of the circuit court of Chambers county has issued an execution on said judgment, against the petitioners, (Benjamin L. Goodman and Robert Mitchell,) as principals, and their securities, James S. Mitchell and James E. Reese, for the amount of the said judgment in said circuit court, and costs, and ten per cent. damages on said judgment"; and that there is but one execution in the hands of said sheriff to which the petitioners are parties. The *supersedeas* bond describes the execution as having been issued by the clerk of the circuit court of Chambers county, on the 14th April, 1858, "in favor of Maria Walker, executrix of John H. Walker, against Benjamin L. Goodman, Robert Mitchell, James S. Mitchell, and James E. Reese, on a judgment obtained by Maria Walker, executrix, &c., against the said Benjamin L. Goodman and the said Robert Mitchell, in our said circuit court, then and there held for said county on the 2d Monday in March, 1853, for the sum of $3,784, together with costs of suit, and the further sum of $378 40, damages adjudged by the supreme court."

It is thus shown, that the parties to the execution, the amount required to be made, the court from which, and the time when it issued, are all correctly described in the petition and bond. In all essential particulars, the description of the execution there given conforms to that which is given in the motion of the plaintiff; and she will, therefore, not be heard to question its correctness. Although the petition may give an inaccurate account of the manner in which some of the defendants became par-

ties to the execution, this does not vitiate the description of the execution itself. In reference to the parties, amount, the court from which, and the time when it was issued, there is an exact correspondence between the execution described and that which was in the sheriff's hands; and when it is further added in the *supersedeas* and petition, that the execution to be superseded is the only one in the sheriff's hands to which the petitioners are parties, there is no doubt that the execution which is set out in the record, was designated with reasonable certainty as that to which the *supersedeas* was applicable. The court, therefore, did not err in instructing the jury, that if they believed the evidence, they must find for the defendant.

This is the only assignment of error insisted on in the argument of counsel, and we therefore notice no other.

It is proper to notice that the *supersedeas* is a common-law, not a statutory *supersedeas.*—Campbell v. May, 31 Ala. 570.

Judgment affirmed.

A. J. WALKER, C. J., not sitting.