## Mead *et al. v.* Christian *et al.*

*Petition for Supersedeas of Chancery Decree.*

1. *Chancery decree; whether final or interlocutory.* — In a chancery cause, the object of which is to compel a final settlement of the defendant's administration on an intestate's estate, and a distribution of the unadminstered assets among the complainants as heirs-at-law and distributees, a decree, rendered on the defendant's motion for a continuance, in these words : " The case being heard by the court, the motion of defendant is granted, on condition that the defendant consents to a decree being rendered against him, in favor of complainants, for the sum ' of seven thousand dollars, it appearing to the satisfaction of the court that he is indebted to complainants in a sum exceeding seven thousand dollars. *It is therefore considered, adjudged, and decreed, that complainants recover of defendant the sum of seven thousand dollars, for which execution may issue.* It is further ordered, that. the report of the register in this cause be set aside, and that the reference be continued' under existing order that he report to the next term. All other questions are reserved for the further consideration of the court," — is not interlocutory, but final, so far as it relates to the seven thousand dollars, and cannot be altered, or set aside, on petition, after the adjournment of the term at which it was rendered; and if it is erroneous, the error is cured or waived by the consent.

2. *Supersedeas of chancery decree.* — In the absence of statutory provisions, regulating the practice on the dismissal of a *supersedeas* in a pending chancery cause, the chancellor may, on such dismissal, render a final decree against the principal and sureties on the *supersedeas* bond, for the amount of the suspended decree, with interest thereon, and costs.

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. WILLIAM SKINNER.

The appellees in this case, claiming to be the heirs-at-law and distributees of Allen Christian, deceased, filed a bill in the chancery court of Jackson county, on the 24th day of February, 1869, against Samuel G. Mead, the administrator

of said decedent's estate, to compel a settlement of his administration, distribution of the unadministered assets of the estate, and for general relief. On the 31st day of May, 1869, the defendant filed his answer to said bill. At the June term of said court, 1870, a decree was rendered in said cause, in these words : " In this cause, a motion is submitted by the defendant for a continuance of the cause, against the wish of complainants. The case being heard by the court, the motion of defendant is granted, on condition that the defendant consent to a decree being rendered against him, in favor of complainants, for the sum of seven thousand dollars, it appearing to the satisfaction of the court that defendant is indebted to complainants in a sum exceeding seven thousand dollars. It is therefore considered, adjudged, and decreed by the court, that complainants recover of defendant the sum of seven thousand dollars, for which execution may issue. It is further ordered, that the report of the register in this cause be set aside, and that the reference be continued under existing order, that he report to the next term of this court. All other questions are reserved for the further consideration of the court. June 17, 1870."

On the 16th day of July, 1870, after the adjournment of the term of the court at which this decree was rendered, the defendant presented his petition to the chancellor in vacation, asking a *supersedeas* and suspension of said decree until the next.term of the court, and that the same might, at the next term, " be set aside, revoked, and annulled, or so modified as to do complete justice between the parties." The petition was verified by affidavit, and alleged the filing of the bill, and its purpose, and that the cause was still pending and undetermined ; also, the filing of the defendant's answer to the bill, and the rendition of the decree complained of, which was set out in the petition. The grounds for relief against said decree were thus stated in the petition : " Said decree was rendered without any statement, or examination, or auditing of your petitioner's accounts, and without any reference to or report by the register of said court, and without ascertaining in any way with what your petitioner should be charged as such administrator, or with what he should be credited. No proof had been taken in said cause, and said cause then stood, and now stands in said court, on bill and answer and exhibits alone. Said decree is not final, so that your petitioner could correct its errors by appeal, and prevent the same from operating injuriously to him. It is interlocutory, and yet under the control of your honor, subject to correction, amendment, alteration, or vacation, if the justice of the case so requires. By said decree, no distribution of the sum awarded against

[Mead v. Christian.]

your petitioner is made, nor the respective shares of the complainants ascertained; but the same is in favor of all the complainants jointly, as if your petitioner was liable to them jointly, and not to each one for his separate distributive share, when ascertained by the decree of the court. When said decree was rendered, there was not before the court any evidence to support and sustain the same. The accounts exhibited by your petitioner with his answer, and his said answer, do not disclose that there was the sum of seven thousand dollars due from your petitioner as such administrator. On the contrary, not computing interest against him (from liability for which your petitioner exempts himself, by alleging in his said answer that he has not applied any of the moneys of said estate to his own purposes, which he verified by affidavit), and allowing him his reasonable and lawful compensation·as administrator, and the costs of said suit, and a reasonable compensation to his solicitor in said suit, to which, as he is advised, he is entitled, there is not seven thousand dollars due from him as administrator. Nor are the said *defendants* (?) equally entitled to whatever sum of money may be found due from your petitioner as administrator. He has made various payments to the said John Ogden, as guardian of the complainants, Henry A., India, Sallie E., and Margaret O., and to said Ogden as administrator of said Priscilla. These payments were made by him in different sums, in his said capacity of guardian and administrator, and complainants are not jointly chargeable therefor; and until it shall have been ascertained by the decree of the court how much of such payments are chargeable to each of said complainants, the amount to be decreed against your petitioner, in ·favor of each of complainants, cannot be ascertained. Your petitioner did not consent to said decree, nor did his solicitor, as he is informed and believes. Petitioner was not present at the term of the court when said decree was rendered, but was then confined to his house by sickness, and unable to attend said court; and his solicitor, who attended said court, as he is informed and believes, and on such information and belief avers, refused to assent to said decree. The said decree does not affirm that either your petitioner or his solicitor assented thereto, and the want of such affirmation arises from the fact, that your petitioner's solicitor resisted the rendition of any decree, asserting such assent, directly or indirectly. By the said decree, if permitted to stand, your petitioner will be irremediably injured. All of the complainants in said suit, except said Ogden, reside without this State; and if they are permitted to enforce said decree, and collect said sum from your petitioner, he would be remediless, if it was hereafter ascertained that complainants

[Mead v. Christian.]

were not entitled to so much from your petitioner, as no decree of restitution could be enforced against those who are non-residents."

On the filing of this petition, the chancellor made the following order: "Upon the petitioner in this case entering into bond, with two good and sufficient sureties, in double the amount of the decree herein set forth, to be approved by the register of the court for the tenth district, the register, sheriff, and all other persons will, in that event, suspend all further proceedings under the decree mentioned in the petition, until the next term of the chancery court to be held for the said tenth district, or until this order is vacated, and further orders and decrees are had in the premises; that said bond is required to be given in fifteen days from the date hereof, or this order is to be of no effect. July 16, 1870." Under this order, a bond was given by said Mead, with J. E. Daniel, L. B. Jones, and M. Walker, as sureties, which was approved by the register on the 25th July, 1870, and the condition of which was as follows: "Now, if the said Lemuel G. Mead shall do and perform whatever said court shall order and decree touching the premises, then this obligation to be void, otherwise to remain in full force and effect."

At the ensuing December term, 1870, the original cause was continued by the defendant, with leave to the complainants to amend their bill; and no notice was taken of the *supersedeas*. At the June term, 1871, a motion was submitted " to dissolve the *supersedeas*," which, by consent, was to be decided by the chancellor in vacation; and on the 1st March, 1872, in vacation, the chancellor rendered the following decree: " In this cause, a petition was filed by Lemuel G. Mead, asking a *supersedeas* to stay and set aside a judgment of the chancery court which was rendered in favor of Henry A Christian *et al.*, at the chancery court held at the regular term of said court for Jackson county, Alabama, at the June term, 1870 ; and after a full and careful examination of the case, the court is of opinion that the *supersedeas* should be dismissed. It is therefore ordered, adjudged, and decreed, that the said *supersedeas* be dismissed; and it is further ordered, adjudged, and decreed, that the complainant, Henry A. Christian *et al.*, recover of the said Lemuel G. Mead and his securities on his bond for *supersedeas*, to wit, James E. Daniel, Martin Walker, and L. B. Jones, the sum of seven thousand dollars, with the interest thereon from the rendition of the decree, June, 1870, and all costs, to be taxed by the register; for which execution may issue."

From this decree the said Mead and his said sureties appeal, and here assign the same as error.

[Mead v. Christian.]

WALKER & BRICKELL, for appellants.

JOHN D. BRANDON, contra.

PETERS, C. J. — The appeal in this case is from a judgment and decree of the chancery court, dismissing a *supersedeas*, and rendering judgment against the principal and sureties on the *supersedeas* bond, for the amount of the decree which was superseded. The original suit, in which the superseded decree was rendered, was commenced on the 24th day of February, 1869, by bill in chancery, filed by Henry A. Christian and others, as heirs-at-law and distributees of the estate of Allen Christian, deceased, against Lemuel G. Mead, as the administrator of said Allen Christian's estate. Its object was to compel a final settlement of said Mead's administration of said estate, and a distribution of the assets remaining unadministered, among the complainants, as the parties entitled to the same ; and also for general relief. Mead, the defendant in that suit, filed his answer to the bill on the 31st day of May, 1869. After this, at the June term of said court, 1870, the chancellor rendered the decree which was superseded, and which was in these words. [See statement of facts, *supra*.] The petition for the *supersedeas* of this decree was presented to the chancellor on the 16th day of July, 1870, which was after the adjournment of the court at the term at which said decree was rendered. The *supersedeas* was allowed; bond was given, as required by the order allowing it, and the execution of the decree was superseded and suspended. At the next ensuing term of the court, the cause was continued; and at the next term, in June, 1871, the complainants in the decree moved to dismiss the *supersedeas*. This motion was held under advisement by the chancellor, and was finally disposed of by the following decree. [See statement of facts, *supra*.] From this decree, the said Mead and his sureties on the *supersedeas* bond appeal, and here assign said decree as error.

1. The first question raised on the record is as to the character of the decree which was suspended by the *supersedeas*. Was this decree final, or was it interlocutory merely ? Was it such a decree that the court could, after adjournment, alter it ? If it was not then it could not have been suspended, or altered, in the manner proposed in this proceeding. In order to determine the character of the decree, we must look to the pleadings in the case, the purpose of the judgment, and the words in which it is expressed. Except for fraud, this is the limit of the inquiry. What the record says, is not to be contradicted by anything outside of the record. An averment of the record, touching the matters in issue, is conclusive, unless the

record contradicts itself. *Deslonde & James* v. *Darrington's Heirs*, 29 Ala. 92 ; *Beverly* v. *Stephens*, 17 Ala. 701; 1 Greenl. Ev. § 538. The language of the judgment for the sum of seven thousand dollars is clearly final, both in its purpose and in its expressions. It is a decree for that sum *by consent*, which was made as the condition of a continuance. When this consent was given, the cause was at issue ; and it was competent for the chancellor to impose such a condition at that time. And the appellants have waived their right to complain of it, whether in this manner, or upon error. The consent releases the error, if any was committed. *Gowen & Co.* v. *Jones*, 20 Ala. 128 ; *P. & M. Bank* v. *Willis & Co.* 5 Ala. 770 ; *Garner* v. *Prewitt*, 32 Ala. 13. The chancellor, then, did not err in dismissing the *supersedeas*.

2. The court below having the power, as has been already shown, to make the decree of 17th June, 1870, if it had been interlocutory only, as is supposed by the appellants, the chancellor unquestionably had power " to amend and control " it, so as to make it " conformable to law and justice." Rev. Code, § 638, cl. 6. In the exercise of this power, he should adopt such practice as will attain in a proper way the end proposed. Although no statutory practice is prescribed, the power is not to fail, because the legislature has thought fit to stop at its bestowal. The grant of the power carries with it, unless otherwise forbidden, the authority to prescribe the form of its execution. *Ex parte Bibb*, 44 Ala. 140. Here, the appellant Mead applied to the chancellor in vacation, by petition, to exercise his power to suspend an order of his own court, which, it was contended, had been improvidently made. The court could do no more, under this petition, than suspend the order complained of in vacation, until the next regular term of the court ; and this was, in effect, the order of suspension which was granted, and which was in these words. [See statement of facts, *supra*.] Under this order, and in conformity thereto, a bond was given by said Mead, with J. E. Daniel, L. B. Jones, and M. Walker, as his sureties, on the 25th day of July, 1870, and was approved by the register of said court ; and thereupon the decree was suspended, and no further action was taken thereon until the next ensuing term of the court, when, on final hearing of the petition, the *supersedeas* was dismissed, and a decree was rendered against said Mead and his sureties on the *supersedeas* bond, for the amount of the suspended decree, with interest thereon, and costs. There was no error in this. It was an adoption by the chancellor of the practice of courts of law in similar cases, with such modifications as the exercise of the powers of a court of chancery would permit. It was but the practice which the plaintiff in

[Mead *v.* Christian.]

the petition had himself invoked. Rev. Code, §§ 2812, 2816 *et seq.* There is no law which forbids such a practice, and nothing in the nature of the jurisdiction conferred on the chancellor which would render it inappropriate. The practice attains the great end of all law — a prompt administration of right and justice, in conformity with the case made in the pleadings.

The decree of the court below is affirmed, with costs.

NOTE BY REPORTER. — On a subsequent day of the term, in response to an application by the appellants' counsel for a rehearing, the following opinion was delivered: —

PETERS, C. J. — The counsel for the appellants contend, that the chancellor had no jurisdiction to render such a decree against the sureties as was rendered in this case. Certainly, in a court of equity, persons who connect themselves with a pending suit, in any manner permitted by law, become parties to the proceedings. Upon this principle, the sureties on the *supersedeas* bond, as well as the principal, became parties to that proceeding. The *supersedeas* bond is not treated as a judgment against them, as it might be in some similar cases at law. But, being in court, to sustain the *supersedeas*, or to appeal from an erroneous decree, the sureties subject themselves to its jurisdiction; and in such cases, where there is no practice prescribed by law, the court may make its own practice. Here, this has been done, by a decree against all the parties to the bond. I am not aware of any rule or principle of law which forbids this. In the case of *Dudley* v. *Witter*, at the present term, a practice almost identical with this was pursued. In that case, it is settled, that an undertaking given by a party to a suit, with sureties, to pay whatever judgment may be rendered against him, approved by the register of the court, is not such an obligation as requires formal notice to the sureties before judgment can be entered against them. The right of the sureties to compel the principal to pay the decree, if he is able, before a resort is had to the property of the sureties, is not taken away by such a decree. This right the sureties may still enforce by taking the proper steps. Rev. Code, § 2862. The chancellor's decree only compels the sureties to do what they have undertaken in the chancery court to do. I am unwilling to disturb the practice thus established.

The rehearing is denied, with costs.

BRICKELL, J., not sitting, having been of counsel.