# Toone *v.* The State.

### *Failure to Work the Road.*

(Decided May 4, 1912.   Rehearing denied June 29, 1912.
59 South. 665.)

*Highways; Work; Property Subject; Statutes.*—Local Acts 1911, p. 69, Sections 7, 8 and 15, cannot be sustained as a license law, nor as a law for personal service, but contravene section 23, Constitution 1901, prohibiting private property being taken for or applied to, public use without just compensation being made therefor.

(McClellan, J., dissents.)


APPEAL from Limestone Circuit Court.

Heard before Hon. D. W. SPEAKE.

Lewis Toone was convicted, and appealed to the Court of Appeals, which certified questions to the Supreme Court. Questions answered.

[Toone v. The State.]

See, also, 59 South. 667.

Certificate to the Supreme Court of Alabama:

"Under the provisions of the statute (act approved April 18, 1911; Acts 1911, p. 449, § 1), the following questions are hereby submitted to the Supreme Court for determination:

"(1) Are sections 7, 11, and 15 of the act entitled 'An act to provide for the maintenance, construction and improvement of the public roads of Limestone county, Alabama, and to provide a special fund therefor,' approved March 4, 1911, violative of the Constitution of the state of Alabama?

"(2) Is said act of the Legislature of Alabama, approved March 4, 1911 (Local Acts 1911, pp. 66-74), violative of the Constitution of the state of Alabama?

"R. W. Walker,
Presiding Judge.
"Ed. De Graffenried,
"Jno. Pelham,
"Judges."

KYLE & HUTSON, and M. K. CLEMENTS, for appellant. The Local Acts under which the prosecution was commenced is violative of sections 6, 23, 211 and 215, Constitution 1901 of Alabama, and the 14th Amendment to the Constitution of the United States.—*Smith v. Court of County Commissioners,* 117 Ala. 196; *N. O. G. L. Co. v. Louisiana L. Co.,* 115 U. S. 650; *People v. Gilson,* 4 Am. St. Rep. 470; *Black v. Schwart,* 101 Am. St. Rep. 980; *Ex parte Hayden,* 109 Am. St. Rep. 184; *Walton's Case,* 62 Ala. 197.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, and W. R. WALKER, for appellee. Sections 7, 8 and 15, Local Acts 1911, p. 66,

[Toone v. The State.]

are not unconstitutional as contravening section 23 of
the Constitution of Alabama, or the 14th Amendment of
the Federal Constitution.—Freund on Police Power,
secs. 3 & 8; *Barbier v. Connolly*, 113 U. S. 27; *People
v. J. & M. P. R. Co.*, 9 Mich. 285; Colley's Const. Lim.
839; *Noble State Bank v. Hasker*, 219 U. S. 104. The
requirement that certain persons shall work on public
roads for their construction and repair is in the nature
of military or jury service and can be required by the
statute without payment therefor.—*State v. Sharp*, 125
N. C. 628; 74 Am. State Rep. 663; *People v. Supervisor
of Shenango Co.*, 8 N. Y. 317, 325; *State v. City of
Topeka*, 36 Kan. 76, 59 Am. Rep. 529, 532-3; *State v.
Rayborn* (Okla.) 22 L. R. A. (N. S.) 1067; *Leady v.
Borbon*, 12 Ind. App. 486, 40 N. E. Rep. 640, 37 Cyc.
332, 27 Am. & Eng. Encyc. of Law (2 Ed.) 916 and
notes. "The requirement of citizens of a certain class
to work on road is not a tax."—*State v. Sharp*, 125 N.
C. 628, 74 Am. State Rep. 663 and note; *Calloway v.
Town of Tavares*, 37 Fla. 58, 19 So. Rep. 170; 1 Cooley
on Taxation (3 Ed.) 16 and note 1; 2 Cooley on Tax-
ation (3 Ed.) 1127-8; *Overseers of Poor of Amenia v.
Overseers of Stanford*, 6 Johnson (N. Y.) 92; *Short v.
State*, 80 Md. 392, 29 L. R. A. 404; *Leady v. Borbon*,
12 Ind. App. 486, 40 N. E. Rep. 640; *State v. Wheeler*,
141 N. C. 773, 5 L. R. A. (N. S.) 1139 and note; *State
v. Rayborn* (Okla.) 22 L. R. A. (N. S.) 1067; *Town of
Pleasant v. Kost*, 29 Ill. 490; *Sawyer v. City of Alton*,
3rd Scam, 127; 27 Am. Encycl. of Law (2 Ed.) 917 and
notes; *People v. Shenango Co.*, 8 N. Y. 317, 325; 4 Dil-
lon Mu. Corp. (5 Ed.) Sec. 1407; Cooley's Const. Lim.
(7 Ed.) 736-7. "A law requiring persons to work on
public road is constitutional.—*Dennis v. Simon*, 51 O.
State, 233, 36 N. E. Rep. 832; 2nd Abbott on Mu. Corp.
Sec. 409 and notes. "Payment, in an incorporated city

[Toone v. The State.]

or town, of the street tax is a substitute for performance of road duty."—*Taylor v. State,* 147 Ala. 131; *Whitt v. City of Gadsden,* 160 Ala. 271. "Requiring road work of citizens is not involuntary servitude."— *Dennis v. Simon,* 51 O. State, 233, 36 N. E. Rep. 832; *State v. City of Topeka,* 36 Kan. 76, 59 Am. Rep. 529, 532-3.

ANDERSON, J.—Section 1 of the act says: "All horses, mules, oxen, wagons, scrapers, plows, and all others implements and machinery, suitable for use and work on the public roads belonging to any individual or corporation in the county, or which belonging to any nonresident of the county, but are in the county at the time notice is given to parties warning them to work the road are subject to road duty in Limestone county, to be used in the precinct where the owner resides or where such are kept for use. But if the owner is a nonresident of the county to be used in the precinct where they are temporarily located, and they shall be subject to such duty for a time to be prescribed by the overseer: Provided, no wagon or teams, horse or mule or oxen shall be subject to road duty for more than four days during any year: Provided further that all wagons and teams, horses, mules and oxen shall work an equal number of days." Section 11 provides a penalty for violating the act; and section 15 permits the payment of a fixed sum, in lieu of furnishing the stock and vehicles as required by section 7.

If this act provides for the levy of a tax, and not the imposition of a duty essential to citizenship, then it is not such a uniform ad valorem one as is required by section 211 of the Constitution of 1901, and sections 7, 8, and 15 of the act would fall under the influence of *Smith v. Commissioners' Court,* 117 Ala. 196, 23 South.

141. It may be conceded, however, that the act is not intended as the levy of a tax as covered by section 211 of the Constitution, but was enacted for the purpose of requiring persons to discharge their duties as to the maintenance of the public roads of the county. The authorities are numerous to the effect that a law requiring persons to work upon the public roads, in person or by a substitute, or authorizing a fixed sum by way of commutation, is not unconstitutional, and is not double taxation, even where the road is kept up in part by taxation. The theory is that requiring such labor is not taxation at all, but is the execution of a public duty.—Elliott on Roads and Streets (3d Ed.) § 480, and cases cited in note; 37 Cyc. 708, and note 16.

This duty seems to be like unto that enjoined upon citizens to serve in person in the militia, etc., and seems to be a mere personal obligation due from the subject, and does not entail upon him the duty of furnishing his property in connection with his personal service, except, of course, by legal taxation. The books have been examined in vain for an authority which will authorize the exaction from a citizen of the contribution of his property for public service, under the theory that it is his duty as a citizen to so contribute. The state may exact the performance of this personal obligation, or provide a reasonable commutation for same by way of an assessment; but it cannot confiscate his property by devoting it to public use. Section 23 of the Constitution, among other things, says: "But private property shall not be taken for or applied to public use, unless just compensation be first made therefor." It may be true, that the taking of the property under the act would be for only a few days; but this would nevertheless, be a taking or a compulsion to produce under penalty for a default. If the taking for but a few days

could be legally sanctioned, the property could as well be impressed for two weeks, two months, or two years, and section 7 of the act is in the very teeth of the Bill of Rights. If the Legislature can authorize the taking of a man's team and wagons, to be used on the roads, and without compensation, it could as well authorize the road supervisors to get a certain number of trees on each piece of land along the road, or in the township, to be used for bridges and causeways, and without compensating the owners for said trees. Or it could require all millers to contribute meal to feed the road hands, all corn growers to supply corn to feed the teams, or all merchants to supply tools for working the roads.

It may be true that in the early history of this state, during a period when slaves were regarded by the law as property, there was a statute similar to the one in question, except that it required the owner to send his slaves to the road, instead of his teams and wagons, as here required, and that we also had at that time a constitutional provision similar to the quoted part of section 23 of the present Constitution; but we do not find that the constitutionality of said statute was ever raised or considered by the court. The case of *James v. Clark Co.*, 33 Ala. 51, and *Barney v. Bush*, 9 Ala. 345, involved no constitutional question.

The act in question cannot be construed as providing a license tax, so as to bring it within the protecting influence of *Kennamer v. State*, 150 Ala. 74, 43 South. 482.

We are of the opinion that sections 7, 8, and 15 of the act are repugnant to the Constitution, and, as they are invalid, section 11 can have no application to same.

DOWDELL, C. J., and SIMPSON MAYFIELD, SAYRE, and SOMERVILLE, JJ., concur. MCCLELLAN, J., dissents.