J. A. Ogilvie *et al v.* Romans Hailey, Clerk, *et al.*

*(Nashville.* December Term, 1918.)

1. **CONSTITUTIONAL LAW. Constitutionality of statute. Sufficiency of objection.**

Where a bill is bottomed on the unconstitutionality of a statute, it is duty of complainant to point out and state with particularity details of supposed invalidity. (*Post, pp.* 394-396.)

Acts cited and construed: Acts 1907, ch. 141; Acts 1915, ch. 407; Acts 1917, ch. 441.

2. **EQUITY. Demurrer. Sufficiency.**

A demurred which challenges generally the legal conclusions of a bill bottomed on unconstitutionality of a statute is sufficient (*Post pp.* 394-396.)

3. **CONSTITUTIONAL LAW. Constitutionality of statute—Presumption.**

Every intendment is in favor of the constitutionality of a statute. (*Post, pp.* 394-396.)

4. **CONSTITUTIONAL LAW. Statutes. Constitutionality. Presumption.**

If any possible reason can be conceived to justify classifications in revenue statutes, they will not be held unconstitutional as discriminatory. (*Post, pp.* 396, 397.)

5. **LICENSES. Privilege tax. Discrimination.**

Priv. Acts 1915, chapter 407, assessing a privilege tax on automobiles used for pleasure, but not on automobiles used for business, is not unconstitutional as arbitrary and discriminatory. (*Post, pp.* 396, 397.)

Cases cited and approved: State v. McKay, 137 Tenn., 280; City of Memphis v. State ex rel., 133 Tenn., 83; Motlow v. State, 125 Tenn., 547.

6. **LICENSES. ''Privilege'' Automobiles.**

As was done in Priv. Acts 1915, chapter 407, the use of automobiles on highways for pleasure may be declared a "privilege." (*Post, pp.* 397, 398.)

Ogilvie v. Hailey.

Cases cited and approved.  State v. Alston, 94 Tenn., 674; State ex rel. v. L. & N. R. R. Co., 139 Tenn., 406; State ex rel. v. American Trust Co., 208 S. W., 611.

7. **STATUTES.** Title. Licenses. Motor vehicles.

The caption of Priv. Acts 1915, chapter 407, entitled "an act to provide revenue by assessing a privilege tax," etc., "on automobiles and motorcycles used for pleasure," etc., conforms to the body of the act.  (*Post, p.* 398.)

8. **LICENSES** Statutes. Purpose and disposal of taxes.

Priv. Acts 1915, chapter 407, assessing a privilege tax on automobiles used for pleasure, must be construed together with Priv. Acts 1917, chapter 441, creating a board of highway commissioners, etc., and hence is not open to the attack that it contains no provision for the expenditure of such taxes when collected.  (*Post, p.* 398.)

9. **CONSTITUTIONAL LAW.** Necessity of determining question. Issues.

In a suit to enjoin the collection of a privilege tax on automobiles under Priv. Acts 1915, chapter 407, on ground that such statute was unconstitutional, court need not pass on question as to whether or not penalty provided in section 2 was excessive and vitiated the statute, where no penalty was involved in the suit in question.  (*Post, p.* 398.)

10. **STATUTES.** Partial Invalidity. Licenses.

Even though the penalty provided in Priv. Acts 1915, chapter 407, section 2, for nonpayment of privilege tax on pleasure autombles should be held to be excessive and unconstitutional; it would not vitiate the remainder of the act.  (*Post, p.* 398.)

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County. —Hon. Jas. B. Newman, Chancellor.

Roscoe Bond, Wm. Fuqua and Lurton Goodpasture, for appellants.

T. J. McMorrough, for appellees.

Mr. Chief Justice Lansden delivered the opinion of the Court.

The bill in this cause was filed to enjoin the collection of a privilege tax on automobiles used for pleasure, applicable to Davidson county. It is averred that the statute authorizing this tax is unconstitutional. A demurred was interposed, which was sustained by the chancellor, and the complainants have appealed to this court.

Some criticism is made of the form of the demurrer. It is insisted that it is too broad in its terms to be considered. Where a bill is bottomed on the unconstitutionality of a statute, it is the duty of the complainant to point out and state with particularity the details of the supposed conflict of the statute with the organic law. In such a case a demurrer which chal lenges generally the legal conclusions of the bill is sufficient. Every intendment is in favor of the statute and against the attack, and the complaint must lay his grounds of attack with the precision ordinarily required of a demurrant.

The statute involved is chapter 407 of the Private Acts of 1915, entitled:

"An act to provide revenue by assessing a privilege tax in counties having a population of from 149,000 to 190,000 inhabitants by the federal census of 1910, or any subsequent federal census, on automobiles and motorcycles used for pleasure, to oil the turnpike roads of

said county which are under the supervision of the turnpike board.''

Section 1 of the act provides that a privilege tax shall be collected in the counties named, by the county court clerk, on all automobiles and motorcycles used for pleasure, of $7.50 on seven-passenger automobiles, $5 on five-passenger automobiles, $3 on two-passenger automobiles, and $2 on motorcycles, and it is provided that said tax is to be paid annually to the county court clerk as other privilege taxes.

Section 2 provides that the owners of such vehicles shall pay said privilege tax in advance, and that any violation of the act subjects them to payment of a penalty of $25, and that said tax and penalty shall be a lien on said machines.

Section 3 provides that it shall be the duty of the county court clerk to turn over to the county trustee all collections under this statute, to be placed by the trustee ''to the credit of account for oiling turnpikes in said counties.''

The foregoing act, as stated, was passed by the legislature of 1915. Prior to this was chapter 141 of the Acts of 1907, creating a turnpike board for Davidson county. Omitting reference to other Davidson county road laws, by chapter 441 of the Private Acts of 1917 a board of highway commissioners was created for Davidson county, which was given charge of all the highways of the county, both turnpikes and roads, and it was provided in the act of 1917 (section 15) that—

''All funds assessed for pike and district road purposes shall be collected by the county trustee as now provided by law and shall be paid out on the warrants of the county judge on orders signed by the superin-

tendent of roads and countersigned by at lease two members of the board of highway commissioners.''

The bill herein was filed July 19, 1917, after the aforesaid act of 1917 was passed. Therefore, at the time this suit was brought, there was in force chapter 407 of the Private Acts of 1915, herein attacked, and chapter 441 of the Private Acts of 1917, creating the board of highway commissioners, and conferring upon such board jurisdiction of the turnpike roads of Davidson county.

So far as these complainants are concerned, these two acts must be construed together, in pari materia, as part of the same scheme of legislation. This latter observation removes some of the objections urged to the act of 1915 by the complainants herein, and by Mr. Shannon in the Annotations in his new Code. For the purpose of this suit, both these statutes may be treated as one.

It is first insisted that the taxation of automobiles used for pleasure and failure to tax automobiles used for business is an arbitrary and unconstitutional discrimination.

The later decisions of this court and of the Federal supreme court have conceded to the legislature a very wide range of discretion in the matter of classification in police statutes and revenue statutes. The idea is that, if any possible reason can be conceived to justify the classification, it will be upheld. *State* v. *McKay,* 137 Tenn., 280, 193 S. W., 99, Ann. Cas., 1917E, 158; *City of Memphis* v. *State ex rel.,* 133 Tenn., 83, 179 S. W., 631, L. R. A., 1916B, 1151, Ann. Cas., 1917C, 1056; *Motlow* v. *State,* 125 Tenn., 547, 145 S. W., 177, L. R.

A., 1916F, 177—and federal cases reviewed in these three decisions.

It is possible that automobiles used for pleasure run more rapidly and are more destructive to the county roads. It is possible that no automobiles are used for business purposes except in the interest of a business that itself pays a privilege tax. It is possible that other reasons may exist for this discrimination, which we think of, and we are not disposed to say that this classification is arbitrary and unreasonable.

It is next insisted that the use of automobiles for pleasure cannot be declared a privilege, inasmuch as such use is not the pursuit of any business or occupation, and it is sought to limit a privilege to such pursuits.

While some of our older cases apparently justify these arguments, later decisions of this court declare that the doing of a single act may be declared a privilege. The right to inherit may be declared a privilege. *State* v. *Alston,* 94 Tenn., 674, 30 S. W., 750, 28 L. R. A., 178.

The transfer of property to a foreign corporation may be declared a privilege. *State ex rel.* v. *L. & N. R. R. Co.,* 139 Tenn., 406, 201 S. W., 738.

The right of registration may be declared a privilege. *State ex rel.* v. *American Trust Co.,* 208 S. W., 611.

In view of our later decisions, we have no hesitation in holding that the legislature may declare it to be a privilege to operate pleasure cars over the turnpike roads of our counties. Such operation amounts indeed to the pursuit of an occupation with many, although not for gain.

It is again urged that the caption of the act does not conform to its body. We have carefully examined the statute, and think this objection is hypercritical and unsound, and does not merit discussion.

It is also said that the act is unconstitutional in that it authorizes the collection of this privilege tax by the county court clerk to be turned over to the county trustee, to be placed to the account for oiling turnpikes, but that it nowhere contains any provisions for the expenditure of said fund nor authorizes the payment of such fund, when collected, to any public purpose or good.

The latter criticism is entirely obviated by construing this act in connection with the act of 1917, which does provide exactly how the taxes raised for road purposes shall be appropriated and paid out.

It is finally insisted that the penalty of $25 provided by the act is so excessive as to be invalid, and it is argued that this vitiates the entire statute.

There is no question of the penalty involved in this case, and we do not find it necessary to pass on the validity of this portion of the statute. If it were involved, and should be held to be excessive and unconstitutional, the penalty could be easily elided without affecting the remainder of the statute, and this course would doubtless be followed by the court.

We are of opinion that there is no error in the decree of the chancellor, and the same is affirmed.