**MEYENBERG v. EHLINGER, County Judge, et al. (No. 8006.)**

(Court of Civil Appeals of Texas. Galveston. June 30, 1920.)

1. **Highways** &cong;147—**Special road tax collected as other taxes.**

Loc. & Sp. Laws 36th Leg. (1919) c. 2, imposing a road tax on inhabitants of Fayette county, clearly indicates that the special tax is to be collected as other taxes, so that payment of the tax levied for the year 1920 cannot be compelled before February 1, 1921.

2. **Highways** &cong;122—**Levy by Legislature of special road tax for one county is void.**

Loc. & Sp. Laws 36th Leg. (1919) c. 2, imposing a special road tax on the inhabitants of Fayette county, violates Const. art. 8, §§ 1, 3, requiring taxation to be equal and uniform, and limiting the power of the Legislature to levy any tax which does not bear equally on all citizens of the state, or to levy any tax except by general law and for public purposes.

3. **Statutes** &cong;95(1)—**Authority to pass local road laws does not authorize levy of special road tax.**

Const. art. 8, § 9, empowering the Legislature to pass local laws for the maintenance of public roads, did not authorize the Legislature to levy a local tax in one county for road purposes, contrary to other provisions of the Constitution limiting the power of the Legislature in levying taxes.

Appeal from District Court, Fayette County; M. C. Jeffrey, Judge.

Action by J. Meyenberg against J. P. Ehlinger, County Judge, and others. From an

order refusing a temporary injunction, the plaintiff appeals. Reversed, and judgment rendered granting the injunction prayed for.

PLEASANTS, C. J. This appeal is from an order of the judge of the court below in chambers, refusing to grant a temporary injunction in a suit brought by appellant against the appellees, the county judge, county commissioners, and the tax collector of Fayette county, to restrain the collection of a road tax of $5, assessed against appellant under the provisions of a special road law for Fayette county, enacted by the Thirty-Sixth Legislature of the state of Texas, being chapter 2 of the Local and Special Laws of the Regular Session of said Legislature. This act is as follows:

"Section 1. Every able-bodied person between the ages of twenty-one and sixty years shall be liable for road duty in Fayette county, and every such person shall on, or before, the first day of February of each year pay to the tax collector of Fayette county the sum of five dollars, and every person making such payment shall be exempt from road duty for one year next succeeding such payment on the first day of February. The county tax collector shall receive and receipt for all moneys so paid him and shall pay same over to the county treasurer by deposit warrant, retaining one of said warrants as his receipt therefor; the same to be placed to the credit of the road and bridge fund and a separate account shall be kept for each precinct from which said money is received by the tax collector.

"Sec. 2. Each member of the commissioners' court of said county is required to procure a list of all persons liable for road duty and residing in his precinct on or before the first day of January of each year, which said list shall be examined and approved by the commissioners' court and turned over to the tax assessor who shall place same on a separate roll and turn same over to the tax collector as other rolls; and the tax collector is required to furnish a monthly statement of such taxes collected and, after February 1st, of each year, shall furnish to the commissioners' court a statement of all persons failing to pay such road tax, specifying the precinct in which they are assessed: Provided that the commissioners' court of said county, or the tax collector, when their attention is called to the matter, may add any other names to said list as prepared and submitted by the members of the commissioners' court, where such names of the parties were omitted from the said list through inadvertence or otherwise.

"Sec. 3. The residence in Fayette county of any able-bodied person between the ages of twenty-one and sixty for a period of fifteen days shall be subject to the payment of the above-mentioned road tax and the tax collector of Fayette county is authorized and empowered to collect from such party, or parties, said five dollars tax whether or not their names are upon the lists furnished by the commissioners' court, or tax assessor of said county.

"Sec. 4. If any person, liable for the payment of the road tax assessed against him under the

provision of this act, shall fail or refuse to pay same when due, he shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined a sum not less than ten dollars, and not more than twenty-five dollars.

"Sec. 5. That all laws, and parts of laws, in conflict with the provisions of this act be, and the same are hereby repealed.

"Sec. 6. The fact that the great majority of citizens of Fayette county prefer to pay the road tax of five dollars rather than to do personal work upon the public roads of said state, which will be a great financial benefit to the county and to the public roads therein, creates an emergency and an imperative public necessity that the constitutional rule requiring bills to be read on three several days be, and the same is, hereby suspended; and that this act take effect and be in force from and after its passage, and is so enacted.

"Approved February 11, 1919.

"Became effective February 11, 1919."

In compliance with the provisions of this statute each member of the commissioners' court on January 1, 1920, filed and presented to the court a list of the names of persons in his commissioner's precinct subject to road duty and liable for the tax imposed by the statute above quoted. Plaintiff's name appears upon the list for precinct No. 1 of said county. Upon the presentation of these lists the court made the following order:

"On this the 1st day of January, 1920, the court met to approve the lists of the commissioners of all persons liable for road duty and residing in their respective precincts, on or before the 1st day of January, 1920, and each member of the court having procured a list and presented the same to the court, the same are hereby approved by the court; and it is further ordered that these lists be turned over to the tax assessor of Fayette county, who shall make up a separate roll of the same, assessing each person thereon the sum of $5, and turn said rolls over to the tax collector, and the tax collector is ordered to collect $5 from each of the persons on said rolls, as required by chapter 2, Special Laws of Texas, passed by the Thirty-Sixth Legislature of Texas on or before February 1, 1920."

These lists were turned over to the tax assessor, who in turn delivered them to the tax collector. Thereafter, on April 12, 1920, the commissioners' court made the following order:

"On this the 12th day of April, 1920, it is ordered by the court that the tax collector proceed at once to collect the $5 road tax from all persons assessed on the rolls."

Acting under this order the tax collector is demanding said tax of plaintiff, and threatening him with the penalties provided in said law unless he pay such tax. Appellant resides in the incorporated town of La Grange, which town, under the provisions of the statute, exercises exclusive control over its streets and bridges, and annually assesses

and collects from its citizens a property street and bridge tax, but levies no per capita tax for street and bridge purposes.

The petition attacks the law above quoted as unconstitutional and invalid on the following grounds:

"(1) Said law is too general, vague, indefinite, and uncertain as to who are affected thereby or liable thereto, and who is meant by 'ablebodied persons' and 'person' and 'persons' and 'party' and 'parties' as used in the law, and whether or not said words and phrases include women or female persons, who have not been and are not liable for road duty under the laws of the state of Texas; and whether or not said words and phrases include ministers of the gospel, members of the Texas National Guard, members of volunteer fire companies, and all such other persons as are exempted from road duty by the laws of the state of Texas, and whether or not said words and phrases include resident citizens of incorporated towns paying street and bridge taxes and subjecting them to double taxation; and whether or not it is left optional for persons liable under said law to perform road duty or pay the tax, or whether or not road duty may still be required of them instead of the tax, and, if so, of what such road duty consists, and for what length of time same may be required; and in that said law does not definitely fix the period of 15 days' residence, mentioned in section 3 of said law, leaving it questionable as to whether or not temporary residence of a person for 15 days in Fayette county at or during any portion of the year, and whether consecutively or not, subjects such person to the law. Wherefore plaintiffs say that said law should be held to be void and unenforceable.

"(2) The tax sought to be authorized by said law, and by the defendants herein attempted to be assessed, levied, and collected under said law, is a special or local personal per capita or poll tax, not warranted nor authorized by the Constitution of the state of Texas, but expressly inhibited thereby, and therefore said law contravenes and violates the Constitution of the state of Texas, and especially article 8, § 3, thereof, which provides that 'taxes shall be levied and collected by general laws and for public purposes only,' and article 8, § 1, of said Constitution, which provides that 'taxation shall be equal and uniform.'

"(3) The said law by making 'every ablebodied person' liable for road duty in Fayette county, permits and authorizes the county of Fayette and its officials to invade the province, territory, and jurisdiction of incorporated cities and towns within said county, levying and collecting from its citizens street and bridge taxes, and having exclusive control over and working their streets, and to assume control over and subject the citizens of such incorporated cities and towns to road duty within the county and outside of the corporate limits of such cities and towns, and to double taxation, in contravention and violation of the Constitution and laws of the state of Texas, and especially article 5, § 18, of said Constitution; and, further, said law, in that respect, attempts to regulate the affairs of Fayette county and the incorporated cities and towns therein, in contravention and violation of article 3, § 56, of the Constitution of Texas.

"(4) Said law contravenes and violates article 1, § 18, of the Constitution of Texas, in that a failure to pay said tax will subject plaintiff and those who may be in default to imprisonment for debt.

"(5) By article 8, § 9, of the Constitution of Texas, the Legislature, for the purpose stated in said law, is only empowered to authorize the levy and collection of an additional annual ad valorem tax not to exceed 15 cents on the $100 valuation of taxable property, if at an election held for that purpose a majority of the qualified property taxpaying voters of the county voting such tax, and plaintiff says that the tax sought to be imposed by and levied and collected under said law is a personal per capita or poll tax, unauthorized by the Constitution of Texas, and arbitrarily fixed by the Legislature, without consulting the wishes of the people affected thereby, or giving them an opportunity to decide thereon, and that no such election as contemplated and required by said article and section of the Constitution has been held. Wherefore plaintiff says that said law is void and unenforceable, in that it contravenes and violates article 8, § 9, of the Constitution of Texas.

"(6) The tax imposed by said law is not equal and uniform, as contemplated by section 1 of article 8, of the Constitution of Texas, in that it imposes upon plaintiff, who is over 45 years of age, and others who are over that age, a burden which is not imposed upon other citizens of this state, and who by the general laws of this state are exempted from road duty; and in that it imposes upon plaintiff and others who are residents and citizens of incorporated towns and paying street and bridge taxes in such towns greater burdens than are imposed upon other citizens of Fayette county and of the state of Texas. Wherefore plaintiff says that said law contravenes and violates article 8, § 1, of the Constitution of Texas.

"(7) Plaintiff says that before and ever since the passage and enactment of said law he has been, and now is, a bona fide resident and citizen of the town of La Grange, in said county of Fayette, and that said town of La Grange is incorporated under the General Laws of the state of Texas, having a city council and municipal government, which by and under the laws of this state has exclusive control over the streets and bridges in said town to the exclusion of the county of Fayette and its commissioners' court and officers, and that said town has assumed and does exercise exclusive control over its streets, and does work and keep the same in a state of efficiency, and there has been assessed and levied against him and he has regularly paid to said town an annual street and bridge tax required under its charter and by-laws and regulations; that for these reasons he has not been, and is not now, liable for work upon the public roads of said county of Fayette, outside of the corporate limits of said town, and neither said county nor its commissioners' court, nor its officers, have any authority to summon or require him or those residing in incorporated towns in said county to work upon the public roads of said county, and therefore have no authority to enforce said law

or impose the tax, therein provided, against him and those residing in incorporated towns in said county. He further says that to require or compel him to pay said road tax of $5, as required by said law, in addition to the street and bridge tax he has been and will be required to pay to said town of La Grange, will subject him to double taxation without just and adequate compensation, and will impose upon him greater burdens than are required by said law of other residents and citizens of said county and of the state of Texas. Wherefore he says that he will, by said law and the enforcement thereof by defendants, be deprived of his property without due process of law, in contravention and violation of the Fifth Amendment and section 1 of the Fourteenth Amendment to the Constitution of the United States, and article 1, § 19, of the Constitution of the state of Texas, and without just and adequate compensation, in contravention and violation of the Fifth Amendment to the Constitution of the United States and article 1, § 17, of the Constitution of Texas, and will deny him the equal protection of the law in contravention and violation of section 1 of the Fourteenth Amendment to the Constitution of the United States and article 1, § 3, and article 8, § 1, of the Constitution of Texas.

"(8) Plaintiff says that for all the reasons and facts hereinabove, in the several paragraphs set out, said law and the enforcement thereof will deprive him of his property without due process of law, and will take his property for public use without just and adequate compensation, and will deny him the equal protection of the laws, all in contravention and violation of the Fifth Amendment and section 1 of the Fourteenth Amendment to the Constitution of the United States, and article 1, §§ 17, 19, of the Constitution of the state of Texas."

Injunction is also asked upon the following ground:

"Plaintiff further makes known to your honor that said law did not go into effect until February 11, 1919, and that none of the prerequisites by said law required the preparation of the list and roll and approval thereof, nor any other act necessary, under said law, to make said road tax collectible and enforceable on February 1, 1920, were, nor could they have been, complied with, yet, nevertheless and notwithstanding such noncompliance with said law, and although no such tax is now due and cannot, under said law, finally become due until the 1st day of February, 1921, and no default in its payment can be legally declared until after said date, defendants are now, as shown by the orders of the commissioners' court of Fayette county, set out on page 3 hereof, attempting to collect such tax as being due on or before the 1st day of February, 1920, and are now demanding same of plaintiff, although not legally assessed and levied and not due."

We shall not pass upon all the questions affecting the validity of the act of the Legislature presented by the petition.

[1] If the law should be held valid we think the injunction should have been granted because under the terms of the act the assessment for the year 1920 is not required to be paid until February, 1921. Section 2 of the act provides that the list required to be made by each member of the commissioners' court shall be a list "of all persons liable to road duty and residing in his precinct on or before the first day of January of each year, which said list shall be examined and approved by the commissioners' court and turned over to the tax assessor, who shall place same on a separate roll and turn same over to the tax collector as other rolls; and the tax collector is required to furnish a monthly statement of such taxes collected and after February 1st of each year shall furnish to the commissioners' court a statement of all persons failing to pay such road tax, specifying the precinct in which they are assessed." We think this language clearly indicates that this special road tax is to be collected as other taxes, and the payment on such taxes cannot be enforced until after the 1st day of February of the year following the year for which the tax is levied. The tax, the enforced collection of which appellant seeks to have enjoined, was levied for the year 1920, and appellant cannot be forced to pay such tax before February 1, 1921.

[2] We are further of opinion that the act in question is void because it violates sections 1 and 3 of article 8 of the Constitution of this state, which provides that taxation be equal and uniform, and that taxes shall be levied and collected for public purposes only. These provisions of the Constitution limit the power of the Legislature to levy any tax upon the citizen which does not bear equally upon all citizens of the state, or to levy any tax except by general law and for public purposes.

There are other provisions of the Constitution which authorize the Legislature to give to counties, cities, and other political subdivisions of the state the right to levy taxes of specified amounts for local purposes, but the Legislature is not authorized to make such levy.

[3] We do not think that the right conferred upon the Legislature by section 9 of article 8 of the Constitution to "pass local laws for the maintenance of the public roads and highways, without the local notice required for special or local laws," authorizes the Legislature to levy a local tax for road purposes contrary to other provisions of the Constitution limiting the power of the Legislature in levying taxes, and we are not cited to any case which has so construed this provision of the Constitution.

For the reasons indicated, the judgment of the trial court is reversed, and judgment here rendered, granting the temporary injunction as prayed for by appellant.