(102 So. 483)

## BARNETT v. STATE. (5 Div. 537.)

(Court of Appeals of Alabama. Dec. 16, 1924.)

1. **Licenses** ⬉7(7) — **Tax for maintaining county roads, on vehicles hauling lumber and minerals thereon, need not be proportional to value.**

Tax for maintaining roads of county equal to half state license tax, levied by ordinance of Chilton county, under authority of Acts 1915, pp. 573–577 (Acts 1923, p. 291, § 22), on motor vehicles used for hauling lumber and minerals on such roads, being a license tax, does not violate Const. 1901, § 211, requiring taxes levied on property to be in proportion to value.

2. **Constitutional law** ⬉48—**Doubts in construction of statute resolved in favor of constitutionality.**

In construction of statutes, all doubts are resolved in favor of constitutionality.

3. **Licenses** ⬉6(12)—**Power to levy vehicle license tax for maintenance of roads delegable to counties.**

Legislature can authorize counties to levy and collect vehicle license tax for maintenance of county roads.

4. **Statutes** ⬉121(1)—**Single subject clearly expressed in title of statutes authorizing county road license tax on vehicles.**

Const. 1901, § 45, requiring each law to contain but one subject, clearly expressed in title, not violated by Acts 1915, pp. 573–577 (Acts 1923, p. 291, § 22), authorizing counties to levy vehicle license tax for maintenance of county roads.

Appeal from Circuit Court, Chilton County; George F. Smoot, Judge.

Albert Barnett was convicted of violating the road laws, and he appeals. Affirmed.

J. Osmond Middleton, of Clanton, for appellant.

All taxes on property in this state shall be assessed in exact proportion to the value of such property. Const. 1901, § 211; Smith v. Court County Comm., 117 Ala. 196, 23 So. 141; Toone v. State, 178 Ala. 70, 59 So. 665, 42 L. R. A. (N. S.) 1045; Thomas v. State, 16 Ala. App. 145, 75 So. 821; Barefield v. State, 16 Ala. App. 491, 79 So. 396. Each law must contain but one subject, which shall be clearly expressed in its title. Const. 1901, § 45; Brown v. State, 115 Ala. 74, 22 So. 458; Dowling v. Troy, 173 Ala. 468, 56 So. 118; Coxwell v. Mims, 197 Ala. 356, 72 So. 540; Thomas v. State, supra. Board of Comm. v. Roberts, 200 Ala. 456, 76 So. 388.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

Reynolds & Reynolds, of Clanton, amici curiæ.

The tax involved is a privilege or license tax; not a property tax. State v. Parker, 5 Ala. App. 231, 59 So. 741; Lott v. Ross & Co., 38 Ala. 156; W. U. Tel Co. v. State Board, 80 Ala. 273, 60 Am. Rep. 99; Capital City Water Co. v. Board of Revenue, 117 Ala. 303, 23 So. 970; Goldsmith v. City of Huntsville, 120 Ala. 182, 24 So. 509; Mangeldorf v. State, 8 Ala. App. 302, 62 So. 373. The act is not in violation of section 45 of the Constitution. Board of Revenue v. Hewitt, 206 Ala. 405, 90 So. 781; Jackson v. State, 136 Ala. 96, 33 So. 888; Sou. Ry. v. Greene, 160 Ala. 396, 49 So. 404.

BRICKEN, P. J. Appellant was convicted in the circuit court of Chilton county for hauling timber or lumber with a motor vehicle on the public highways of Chilton county, without having paid the license tax therefor as provided by law, and in violation of the road laws of Chilton. The tax which appellant had failed and refused to pay was levied by section 45 of the road law of Chilton county, which provides as follows:

"Section 45. For the purpose of maintaining the public roads, bridges and ferries of the county, it is hereby ordered that license tax equal to one-half of the state license tax be levied and collected for the year 1924 on all motor vehicles used for hauling timber, lumber or minerals over the public roads of the county."

Appellant demurred to the complaint upon several grounds; his demurrer was overruled and the trial, being had by the court without a jury, resulted in a judgment of guilt of the defendant as charged in the complaint, and a fine of $15. From that judgment, the defendant prosecutes this appeal.

[1] Counsel for appellant contend that section 45 of the road law of Chilton county is unconstitutional and void, first, because it is in violation of section 211 of the Constitution, which provides that all taxes levied on property in this state shall be assessed in exact proportion to the value of such property; and second, that the acts of the Legislature authorizing the counties to levy such taxes as were levied in this case violated section 45 of the Constitution, which, among other things, provides that each law shall contain but one subject, which shall be clearly expressed in the title. Counsel also contend that the complaint failed to set forth sufficient facts showing that it was the duty of appellant to pay the tax levied, granting that the tax law was valid. We do not think there is any merit in either of these contentions. The tax of Chilton county was levied by the proper county authorities under and by virtue of the general statutes of this state

authorizing the counties to make such levies. Acts 1915, pp. 573–577 (Acts 1923, p. 291, § 22). Tax laws like the one in question have been repeatedly upheld by the decisions of this court and the Supreme Court. The tax in question is not a property tax, and is not within the purview of section 211 of the Constitution. It is a privilege or license tax, and therefore does not violate section 211 of the Constitution. State v. Parker, 5 Ala. App. 231, 59 So. 741; Capital City Water Co. v. Board of Revenue, 117 Ala. 303, 23 So. 970; Goldsmith v. Huntsville, 120 Ala. 182, 24 So. 509; Mangeldorf v. State, 8 Ala. App. 302, 62 So. 373.

Nearly every question in this case has been recently decided by the Supreme Court of Alabama in the case of Robert Smith v. State, (Ala. Sup.) 102 So. 122,[1] carried from this court to the Supreme Court by certiorari, in manuscript. In that case it was expressly decided that the tax in question was not a property or ad valorem tax, was applicable only to vehicles commonly used by the owner, and in a general sense devoted by him to this purpose; that it was not a tax upon the vehicle which the owner might casually or occasionally use for such purpose. In the dissenting opinion of Justice Thomas, many similar statutes and levies made by counties similar to the one in question, and many decisions of the court reviewing such statutes, are cited. We are of the opinion that the decision of the court in that case is necessarily decisive of this case.

[2] It is one of the cardinal rules in the construction of statutes that when the question as to whether a particular statute is or is not constitutional, all doubts should be resolved in favor of the constitutionality of the act. In the case of Barefield v. State, 16 Ala. App. 491, 79 So. 396, this court held that a tax similar to the one in question was valid as a privilege or license tax, and not to be in violation of section 211 of the Constitution. The case of Thomas v. State, 16 Ala. App. 145, 75 So. 821, relied upon by appellant, is not in point. The act was held invalid in that case upon another ground, and did not decide the constitutional question here involved. The same is true of Toone v. State, 178 Ala. 70, 59 So. 665, 42 L. R. A. (N. S.) 1045. The act was there held invalid upon other grounds not applicable in this case, and Smith's Case, 117 Ala. 196, 23 So. 141, relied upon by counsel for appellant, is not applicable for the same reason. In that case the tax was an ad valorem or property tax, and was in palpable violation of the statute.

[3, 4] It is certainly competent for the Legislature to authorize counties to levy and collect a privilege or license tax for the purpose of constructing and maintaining public roads, bridges, and ferries, and there can be no doubt that the Legislature has so authorized the counties of this state, and the levy here in question made by the court of county commissioners follows almost literally the language of the statute. It has also been decided by this court and the Supreme Court in the case of Conecuh County v. Simmons, 19 Ala. App. 65, 95 So. 488; Kennamer v. State, 150 Ala. 74, 43 So. 482, that taxes like the one here in question were valid, unobjectionable, and not in violation of any constitutional provision. The ordinances of the county commissioners of Chilton county, so far as any constitutional question is concerned, are not different from the ordinances of the court of county commissioners of Greene county, which were upheld in the case of Smith v. State, in manuscript, and hence it is unnecessary for us to further discuss any question raised by this record, for in the dissenting opinion of Justice Thomas, and in the majority opinion of Justice Somerville in that case, is a complete answer against all the contentions made by appellant in this case. The court will certainly never go out of its way to declare a statute or an ordinance unconstitutional. He who complains of its unconstitutionality must point it out to the court. The contention that the statutes in question are in violation of section 45 of the Constitution, and that the complaint states no cause of action, are so utterly void of merit as not to justify a discussion by this court. It results from what we have said that the judgment appealed from must be affirmed.

Affirmed.

