T. M. FRAZIER *et al. v.* J. F. LINDSEY, COUNTY COURT
CLERK.

(*Jackson,* April Term, 1930.)

Opinion filed  March 14, 1931.

J. C. R. McCall, for complainants, appellants.

Peeler & Peeler, for defendant, appellee.

Mr. Justice McKinney delivered the opinion of the Court.

The bill attacks the constitutionality of Private Acts of 1929, chapter 868, a special road law for Benton County.

The cause was heard before the chancellor upon motion to dissolve the temporary injunction, which motion was sustained. The chancellor being of the opinion that the bill was without merit, dismissed same of his own motion, and complainants have appealed. This is a proper practice since the only question involved is the validity of the above act. *Mengle Box Co.* v. *Lauderdale County*, 144 Tenn., 266, 230 S. W., 963.

The act in question provides a system for the laying out, building, and maintaining of public roads in Benton County. It provides the means and methods by which revenue is to be raised for such purposes. Section 38 directs that the county court shall annually levy a privilege tax of $3 on each automobile passenger car and $5 on each automobile truck operated upon the public roads of the county. The operation of said cars and trucks

232

without paying this privilege tax is declared a misdemeanor, subjecting the owner to a fine of not less than $10 nor more than $25, and the grand jury is given inquisitorial powers over such offenses.

The power of the legislature to impose a special tax of this nature for a particular county is now so well established that it is only necessary to cite a few recent decisions dealing with this question. *N. C. & St. L. Ry.* v. *Marshall County,* 161 Tenn., 240, 30 (2d) S. W., 268; *Stokes* v. *Dobbins,* 158 Tenn., 350, 13 (2d) S. W., 321; *Wilson* v. *State,* 143 Tenn., 55, 224 S. W., 168; *Ogilvie* v. *Hailey,* 141 Tenn., 392, 210 S. W., 645.

It is said that the tax is arbitrary because the owner of a Ford car is required to pay the same amount as the owner of a Cadillac car. We consider the classification a reasonable one. *Ogilvie* v. *Hailey, supra.*

Counsel insist that the act is invalid because not limited to residents of Benton County. Complainants are residents of that county and cannot, therefore, raise this question. *Darnell* v. *Shepard,* 156 Tenn., 544, 3 (2d) S. W., 661.

The further point is made that the act confers upon the county court, as distinguished from the quarterly county court, the right to levy this tax, and that the former is without authority to exercise such power. We hold that this authority is conferred upon the quarterly county court. *Davis* v. *Williams,* 158 Tenn., 34, 12 (2d) S. W., 532.

It is said that this privilege tax is not on a business, occupation, pursuit, or vocation, and that it is, therefore, a property tax. It was held otherwise in *Ogilvie* v. *Hailey, supra.*

The contention is made that the act conflicts with the General Revenue Act, chapter 89, section 4, Acts of 1927, which imposes a privilege tax on automobiles and busses. This latter act refers to persons engaged in operating automobiles and busses for hire, and is not, therefore, antagonistic to the former act.

An attack is made on section 27 of the act, which is as follows:

"That any Justice of the Peace of counties coming under the provisions of this Act is hereby given jurisdiction to try any offense declared to be a misdemeanor by any section of this Act, and if any party is found guilty by plea or evidence to assess the fine prescribed therefor within its limits, or at his discretion, and upon failure of the offender to secure or pay such fine bind him over to await the action of the grand jury taking the offender's personally secured bond therefor in the penalty of $250 or in the absence of filing such appearance bond commit such offender to the County jail until such bond is given or he is otherwise discharged according to law."

It is urged that under this section the Justices of the Peace of Benton County are given authority to impose a fine even where the accused does not plead guilty, which is contrary to the general law of the State. While this section is somewhat involved, we are unable to find anything therein of which the accused can complain. Under the general law he can submit to a fine or be bound over. He has the same right under this act. He has the further right even when he does not submit to pay or secure the fine imposed, and avoid being bound over. Should he elect not to pay or secure the fine, he is bound over and the fine does not become effective. Or to state it differently, the justice can say to him you can pay a fine of

so much or be bound over. This, it seems to us, gives him an advantage of which he cannot complain.

▉ Finally, it is said that this act deprives the accused of the right to a jury trial. We think otherwise, but if it did none of his constitutional rights would be thereby invaded. *State* v. *Sexton,* 121 Tenn., 35, 114 S. W., 494.

▉ It is stated by counsel that this act is very unpopular in Benton County. We have never heard of any statute being popular that exacted taxes. That, however, is a matter as to which this court is without power to grant relief. The remedy of the taxpayer is an appeal to the legislature. The legislature has enacted many laws of this character, and we see no basis for holding them illegal. Roads cannot be constructed and maintained without money, and the only means of acquiring it is by taxation. There have always existed divergent views as to the best methods to employ in raising revenue upon which to operate the government. When the legislature determines the matter, the courts are powerless to interfere so long as they do not go beyond the limits of the constitution.

The validity of this statute is well sustained by the principles announced in the cases referred to herein, which make an extended discussion of the questions raised unnecessary.

Affirmed.