COUNTY OF HARRIS, TEXAS V. JOHN BEN SHEPPERD, ATTORNEY GENERAL OF TEXAS

No. A-5591. Decided May 2, 1956.
Rehearing overruled July 11, 1956.
(291 S.W. 2d Series 721)

*Burke Holman,* County Attorney, of Harris County, for relator.

*John Ben Shepperd,* Attorney General, *Elbert M. Morrow* and *Frank Pinedo,* Assistants to the Attorney General, for respondent.

MR. JUSTICE CULVER delivered the opinion of the Court.

Harris County seeks a mandamus to require the Attorney General to approve certain bonds which the County proposes to issue under the authority of Chapter 382, Acts of the 54th Legislature, 1955.

Section 1 of the Act reads:

"This local law for the maintenance of public highways for Harris County shall not be operative unless or until a majority of the resident property taxpayers who are qualified voters, residing in the County, participating in an election called for the purpose, shall have voted in favor of placing it in operation. The procedures for calling, holding and the effect of such election, are prescribed in Section 8 hereof."

The Act further provides that the Tax Collector shall, upon receiving an application for registration of a motor vehicle, collect an additional sum equal to one-third of the registration fee which shall be used for the purpose of acquiring right of way for state and federal highways in and by Harris County and for incidental expense. The Commissioners Court is authorized in its discretion to issue negotiable bonds secured only by the fund created from the collection of these fees. At a special election called for the purpose a majority voted in favor of placing the Act in operation.

The Attorney General has refused to approve the bonds issued by the Commissioners Court on the ground that the Act is unconstitutional. The points upon which he bases his conclusion are as follows:

(1) The Act is a tax measure and contravenes the provisions of Article 8, Section 3 of the State Constitution which provides "that taxes shall be levied and collected by general law and for public purposes only."

(2) The motor vehicle registration fee authorized by Article 8, Section 7a is required by the provisions of this as well as other sections of the Constitution to be uniform and of statewide application.

(3) Where the Constitution of Texas prescribes the sources of revenue available to counties for the purpose of building roads these sources are exclusive. Article 8, Section 7a of the

Constitution is not a grant of power but a confirmation of existing policy to be followed in the application of the state motor vehicle registration fees.

(4) The method prescribed by the Legislature for the adoption of the provisions of Chapter 382, is in conflict with the requirements of Article 6, Section 2 of the Constitution, and, therefore, this basis for placing the Act in operation and the election held in Harris County must be held void and of no effect.

(5) If Harris County has been properly delegated the power to collect the increased fees from motor vehicle registration, the commissioners court has still exceeded its authority in attempting to prescribe that the fees collected for 1956 shall be collected in succeeding years.

■ Admittedly the act is of local application only to Harris County and is wholly a revenue raising measure for the purpose, as explained in the act, of providing the county with another source of revenue to acquire needed rights of way for state and federal highways. In our opinion the authority therefor must be derived, if at all, from the taxing power of the state, and, therefore the act is clearly violative of Article 8, Section 3 of our Constitution which provides that taxes must be levied and collected by general laws.

■ A charge or fee which has regulation for its purpose is imposed under the police power. On the other hand, if for the purpose of raising revenue, it is a tax and levied under taxing power. This rule is pointed out in Cooley on Taxation, Fourth Edition, Vol. 1, Sec. 27 as follows: "The distinction between a demand of money under the police power and one made under the power to tax is not so much one of form as of substance. The proceedings may be the same as in the two cases, although the purpose is essentially different. The one is made for regulation and the other for revenue. If for regulation, it is an exercise of the police power while if for revenue it is an exercise of the taxing power. If, therefore, the purpose is evident in any particular instance, there can be no difficulty in classifying the case and referring it to the proper power. So-called license taxes are of two kinds. The one is a tax for the purpose of revenue. The other, which is, strictly speaking, not a tax at all but merely an exercise of the police power, is a fee imposed for the purpose of regulation. * * *."

This rule was followed and approved in Hurt v. Cooper, 130 Texas 433, 110 S.W. 2d 896, 899, this court saying:

"It is sometimes difficult to determine whether a given statute should be classed as a regulatory measure or as a tax measure. The principle of distinction generally recognized is that when, from a consideration of the statute as a whole, the primary purpose of the fees provided therein is the raising of revenue, then such fees are in fact occupation taxes, and this regardless of the name by which they are designated. On the other hand, if its primary purpose appears to be that of regulation, then the fees levied are license fees and not taxes. * * *."

In Brown v. City of Galveston, 97 Texas 1, 75 S.W. 488, 496, the court was concerned with the constitutionality of an ordinance of the City of Galveston requiring the payment of "license dues" for keeping and operating certain vehicles for public or private use within the city. In ruling on this question the court held: "It is true the authorities hold that the police power cannot be used for the purpose alone of raising revenue, and, when exercised by a city for the purpose of raising revenue, it will be held to be by virtue of taxing power, and not of the police." See also Booth v. City of Dallas, Civ. App. 179 S.W. 301.

Decisions from other jurisdictions holding to the same effect may be cited. In City of Terre Haute v. Kersey, 159 Ind. 300, 64 N.E. 469, a city ordinance conditioned the right to use of the streets upon the payment of a license tax and provided that the revenue were to be used solely for the maintenance and repairs of the streets. The court held that the validity of the ordinance could only be upheld on the ground that the authority was derived from taxing power. See also Ellis v. Frazier, 38 Ore. 462, 63Pac. 642, 53 L.R.A. 454; Smith v. Mahoney, 22 Ariz. 342, 197 Pac. 704; Verner v. Secretary of State, 179 Mich. 157, 146 N.W. 338.

In City of Wichita Falls v. Williams, 119 Texas 163, 26 S.W. 2d 910, 79 A.L.R. 704, the court expressed the view that the term "taxes" as used in the general provision of the State Constitution referred to ordinary ad valorem taxes only. In that case, however, the court was dealing with the question as to whether or not a special assessment for street improvements was included within the term "taxes" in the excepting clause of Section 50, Article 16, the homestead section of the Constitution. The court was pointing up the distinction between a

tax in the ordinary acceptation of the term and a special assessment levied against the property on the basis of enhanced value.

Certainly the taxing power of the state embraces a variety of forms and measures apart from those based only on value. The tax on gasoline, cigarettes and liquor are for revenue purposes only and the authority to levy these taxes is necessarily derived from the taxing power of the state. Article 8, Section 1 of the Constitution expressly authorizes property taxes, poll taxes, occupation taxes and income taxes. Section 17 of the same article confers upon the Legislature the power to require other subjects or objects to be taxed "in such manner as may be consistent with the principles of taxation fixed in this Constitution." One of the principles so fixed by the Constitution is that taxes shall be levied and collected by general laws only.

■ Petitioner, Harris County, maintains that, "Article 8, Sec. 7a, gives the Legislature specific authority and absolute power to enact legislation by special law to collect automobile license fees for the purpose of constructing highways which includes the purchase of right of way; with the constitutional limitation that such fees to be collected and allocated to counties shall never be less than the maximum amount now collected." We are unable to read into this constitutional provision any authority given to the Legislature to enact this kind of a local and special law. It directs how the proceeds from the automobile license fees shall be expended and confirms to the counties the portion set aside to them out of these fees under the law in effect on January 1, 1945. This section is statewide in its application and by no reasoning can it be said to authorize the Legislature to adopt any different fee schedule for any one or more counties in the state. This provision does not constitute a grant of power, but affirms existing policy.

The relator contends that the Legislature has the inherent power to enact such legislation as Chapter 382 for the state, through the Legislature, has positive and absolute control of all state highways and the means by which they are constructed and maintained.

■ In support of that contention it cites Robbins v. Limestone Co., 114 Texas 345, 268 S.W. 915, 918. In that case the controlling issue was whether the title and ownership of the public

roads in the state lay in the county and road districts of the counties and under the control of the commissioners court or in the state. The relator relies on the following holding in that case:

"The estabishment of public highways being primarily a function of government belonging to the State, the right to establish them resides primarily in the Legislature, and in the absence of constitutional restrictions the Legislature may exercise that right direct, or delegate it to a political subdivision of the State, or to such other agency, or instrumentality, general or local in its scope, as it may determine. The exercise of this right by a political subdivision of the State or by local officers is founded upon statutory authority therefor. The Legislature may exercise possession of public roads and control over them, by and through such agencies as it may designate. * * * *

"The Legislature, then, has the sole and exclusive power pertaining to public roads and highways, unless and only, to the extent that power may be, if at all, modified or limited by other plain provisions of the Constitution."

With this holding we are in accord but although the state through its Legislature does have control and authority over all of the public roads of the state and may delegate that control to other agencies, it does not follow that the Legislature has the power to levy a local tax for the maintenance and construction of highways or the buying of rights of way.

The next point urged by relator is "that a vehicular motor registration fee is a license fee for the privilege of using the highways and is in no sense a property ad valorem or occupation tax and thus does not violate any constitutional requirement of equality and uniformity. Relator maintains that the decision in Atkins v. State Highway Department, Civ. App. 201 S.W. 226, (no writ applied for), is controlling. The court there held that the registration fee provided to be paid for each motor vehicle operated upon the highways under the provisions of Chapters 190 and 207 of the 35th Legislature was not a tax on ownership but a license fee for the privilege of operating his automobile on the public highways and that the sections of the Constitution said by appellant to be violated by these two acts of the Legislature related to ordinary ad valorem taxes and not to license taxes. The Court, however, found that while the main purpose of the act is the construction of roads, never-

theless there was the other purpose, that of regulation of the use and operation of motor vehicles on the public highways, and said further:

"It may be conceded that the funds derived from the payment of registration fees are to be expended in the construction of roads. The law so provides, but that does not necessarily make it a revenue measure in the sense and with the effect contended for by appellant. There is no inhibition in the Constitution against the Legislature making such provision, and therefore it had the power to provide for such use of the funds, leaving the expense of policing, regulating, and administering the law in regard to the use and operation of the vehicles upon the highways, to be paid out of other funds by the state or by the counties, as in other cases."

Of course the act under consideration by that court was a general law and applied to all automobile owners within the State of Texas.

■ In the more recent and authoritative decision by this court, Payne v. Massey, 145 Texas 237, 196 S.W. 2d 493, it was held:

"A license is merely a permit or privilege to do what otherwise would be unlawful. The object of a license is to confer a right or power which does not exist without it. A license fee is the sum exacted for the privilege of carrying on a particular occupation or business, and it may be imposed either for regulation under the police power or for revenue, or for both regulation and revenue. 37 C.J. 168, Secs. 3, 4 ann 5; 33 Am. Jur. 325, Sec. 2.

"Article 6698 is a part of Section 2, of Title 116, Chapter 1, Vernon's Ann. Civ. St., dealing with the regulation and registration of motor vehicles. Under such title the state exacts a license or registration fee which is a privilege tax in the nature of a license or toll for the use of the highways of this state. * * *."

In the case here there is no element of regulation but the act is concerned solely with revenue.

Relator cites a number of out of state authorities that uphold legislative acts of a somewhat similar nature as the one here under consideration, but in none of those states so far as our

research shows, is there to be found a constitutional provision, such as ours, that taxes must be levied by general laws. These are Burnett v. State, 20 Ala. App. 396, 102 So. 483; Hill v. Moody, 207 Ala. 325, 93 So. 422; Harder's Fireproof Storage & Van Co. v. Chicago, 235 Ill. 58, 85 N.E. 245; Frazier v. Lindsey, 162 Tenn. 228, 36 S.W. 2d 436; Ogilvie v. Hailey, 141 Tenn. 392, 210 S.W. 645 and Leonard v. Talbert, 222 S.C. 79, 71 S.E. 2d 603.

Relator further maintains that by the terms of Article 8, Section 9, the Legislature is empowered by the Constitution to enact this special or local law for the section provides: "And the Legislature may pass local laws for the maintenance of the public roads and highways, without the local notice required for special or local laws." Several times has this constitutional provision been construed.

In Smith v. Grayson County, 18 Texas Civ. App., 153, 44 S.W. 921, 923, writ of error refused, the court upheld a special county road law against constitutional attack holding that Section 2, Article 11, that the construction and repair of county roads shall be provided for by general laws, did no conflict with Section 9, Article 8, reasoning: "When one section of the Constitution expresses a general intention to do a particular thing and another section expresses a particular intention incompatible with the general intention, the particular intention is to be considered in the nature of an exception." Other local or special road laws have been upheld in Dallas County v. Plowman, 99 Texas 509, 91 S.W. 221; Austin Brothers v. Patton, 245 S.W. 991; Quinn v. Johnson, 91 S.W. 499; Hughes v. Commissioners' Court of Harris Co., 35 S.W. 2d 818, but in none of these road laws did the Legislature attempt to levy any tax.

The only case where the right of the Legislature to levy a tax in a local road law has been considered, so far as we know, is the case of Mayenberg v. Ehlinger, Tex. Civ. App., 1920, 224 S.W. 312, 315. There the court held:

"We do not think that the right conferred upon the Legislature by Section 9 of Article 8 of the Constitution to 'pass local laws for the maintenance of the public roads and highways, without the local notice required for special or local laws,' authorizes the Legislature to levy a local tax for road purposes contrary to other provisions of the Constitution limiting the power of the Legislature in levying taxes, and we are not cited to any case which has so construed this provision of the Constitution."

■ The fact that Chapter 382 would be effective only when approved by a majority vote does not alter the rule. The tax would be imposed by the Legislature and not by the voters. As said in Trimmier v. Carlton, 116 Texas 572, 296 S.W. 1070, while the Legislature may not delegate its power to make a law, yet it may enact a law to become operative upon a certain contingency upon a future event, as for example, a vote of the people to be affected thereby. So if this act is constitutionally valid it would seem that the Legislature would have the power to levy a tax upon the citizens of Harris County, without their approval, in the form of an additional tax on gasoline or some other commodity sold in Harris County and devote the proceeds solely to the purchase of rights of way or for some other public purpose. This we think could not be constitutionally effected by local law.

We are not unaware of the necessarily heavy cost to the counties in the condemnation and purchase of land for rights of way for wide traffic arteries and freeways in populous areas, but this problem is not peculiar to Harris County. Many others, if not all, are confronted with the same difficult burdens. Illustrative of this fact is that this same Legislature passed special laws of the same character for Dallas and Hidalgo Counties. Nothing is shown which would afford any logical basis for this enactment as a local law. We accordingly hold that the act is unconstitutional because it contravenes the principle laid down in Article 8, Section 3 of the Constitution that taxes must be levied by general laws. We pretermit any discussion of the other points raised by respondent.

Application for writ of mandamus is denied.

Opinion delivered May 2, 1956.

#### ON REHEARING

MR. JUSTICE CULVER delivered the opinion of the Court.

In petitioner's motion for rehearing it is urged that:

"The Court erred in holding the entire Act unconstitutional as contravening the principle of Article 8, Section 3 of the Constitution, as Section 5 of the Act granting the right to Harris County to acquire, by condemnation, right of ways in the limits of incorporated cities, towns and villages, is severable from the other parts of the Act and thence stands as effective and valid legislation."

This proceeding was a mandamus to require the Attorney General to approve certain bonds which the county proposed to issue under the authority of Chapter 382, Acts of the 54th Legislature, 1955. Consequently, the effect of our decision only goes so far as to hold that the bonds cannot be legally issued and the refusal of the Attorney General to approve these bonds was upheld. The question as to the constitutionality of Section 5 was not before us for decision nor is that question foreclosed by our opinion.

The motion for rehearing is overruled.

Opinion delivered July 11, 1956.