OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

May 6, 2002

The Honorable Juan J. Hinojosa
Chair, Committee on Criminal Jurisprudence
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0501

Re: Whether the governor is authorized to increase and appropriate state motor vehicle registration fees (RQ-0475-JC)

Dear Representative Hinojosa:

You ask whether "the governor [may] raise the state vehicle registration fee, without approval, for the purpose of generating funds to help Texas hospitals, emergency medical personnel, police and firefighters develop and improve their capabilities to respond to, and prevent terrorist biological and chemical attacks in Texas."[1] We conclude that only the legislature may set, appropriate, allocate and direct the use of state motor vehicle registration fees. However, chapter 317 of the Government Code authorizes the governor and the legislative budget board in the event of an emergency to act to redirect state motor vehicle registration fees already appropriated by the legislature for particular purposes to other uses permitted by article VIII, section 7-a of the Texas Constitution. *See* TEX. GOV'T CODE ANN. ch. 317 (Vernon 1998 & Supp. 2002). You also ask whether "the automobile state registration fee [is] considered a tax, which would require action by the House Ways and Means Committee?"[2] Whether proposed or contemplated legislation falls within the jurisdiction of a particular House committee is a matter to be determined by the House of Representatives.

First, we address the governor's authority over the amount and use of state motor vehicle registration fees. Article II, section 1 of the Texas Constitution provides for the three branches of government — legislative, executive, and judicial — and provides that "no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted." TEX. CONST. art. II, § 1. The Texas Constitution vests "[t]he Legislative power of this State" in "'The Legislature of the State of Texas,'" *id.* art. III, § 1, a power which includes the authority to enact laws, to impose taxes, to raise other revenue, and to appropriate state funds, *see, e.g., id.* art. III, §§ 29-31 (laws enacted by bills passed by both legislative houses), 33 ("All bills for raising revenue shall originate in the House of

---

[1]Letter from Honorable Juan J. Hinojosa, Chair, Committee on Criminal Jurisprudence, to Honorable John Cornyn, Texas Attorney General, (Nov. 26, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

[2]*Id.*

Representatives."), art. VIII, §§ 1 (legislature authorized to provide for taxation of property and to impose occupation taxes), 3 ("Taxes shall be levied and collected by general laws and for public purposes only."), 6 ("No money shall be drawn from the Treasury but in pursuance of specific appropriations made by law . . ."). The Texas Constitution requires the governor to present the legislature with "estimates of the amount of money required to be raised for taxation for all purposes" and authorizes him to veto items of legislative appropriation, *see id.* art. IV, §§ 9, 14, but it does not give the governor the authority to raise revenues, to establish fees, or to appropriate funds.

Article VIII, section 7-a vests the authority to appropriate, allocate and direct use of motor vehicle registration fees in the legislature, providing in pertinent part:

> *Subject to legislative appropriation, allocation and direction,* all net revenues remaining after payment of all refunds allowed by law and expenses of collection derived from motor vehicle registration fees . . . shall be used for the sole purpose of acquiring rights-of-way, constructing, maintaining, and policing such public roadways, and for the administration of such laws *as may be prescribed by the Legislature* pertaining to the supervision of traffic and safety on such roads.

*Id.* art. VIII, § 7-a (emphasis added).

The legislature has established the amount of motor vehicle registration fees in chapter 502 of the Transportation Code. *See, e.g.,* TEX. TRANSP. CODE ANN. §§ 502.160-.173 (Vernon 1999 & Supp. 2002). Fees are collected at the county level by county tax assessor-collectors. *See id.* §§ 502.101, .102. Pursuant to statute, the legislature has provided that fees that are not retained by the counties for road construction, *see id.* §§ 502.102, .108, are transferred to the Texas Department of Transportation, which must deposit the fees in the state treasury to the credit of the state highway fund, *see id.* § 502.051. The legislature has enacted numerous statutes providing for use of the state highway fund. *See, e.g., id.* §§ 201.002, 202.002, 221.003, 222.001, .002. Article VIII, section 7-a of the Texas Constitution dedicates motor vehicle registration fees to a particular use; thus, the portion of the state highway fund that consists of state motor vehicle registration fees (and other constitutionally dedicated monies) may not be diverted to other purposes. *See* Tex. Att'y Gen. Op. Nos. JC-0250 (2000), JM-323 (1985).

With these general principles in mind, we turn to your first question. Again, you ask whether "the governor [may] raise the state vehicle registration fee, without approval, for the purpose of generating funds to help Texas hospitals, emergency medical personnel, police and firefighters develop and improve their capabilities to respond to, and prevent terrorist biological and chemical attacks in Texas." Request Letter, *supra* note 1, at 1. Because articles III and VIII of the Texas Constitution vest the legislative branch with the authority to enact legislation and to raise state revenue, because article VIII, section 7-a specifically vests the legislature with the sole authority to appropriate, allocate, and direct use of state motor vehicle registration fees, and because the

legislature has set the amount and use of the state motor vehicle fees by statute, we conclude that the governor may not raise or appropriate state motor vehicle registration fees. *See* TEX. CONST. art. II, § 1 ("no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted").

This is not the end of our analysis, however. Under Texas law, the governor has authority to determine how state funds are allocated if the legislature has delegated that authority to that office. *See* Tex. Att'y Gen. Op. No. JM-772 (1987) ("A corollary of the legislature's exclusive control over the appropriation of state funds is its exclusive control over how state funds are to be spent. Under state law the governor has no power to make determinations about how state money is to be distributed unless that power is expressly given to him by constitutional or statutory grant.") (citations omitted). Article XVI, section 69 of the Texas Constitution provides that "[t]he legislature may require, by rider in the General Appropriations Act or by separate statute, the prior approval of the expenditure or the emergency transfer of any funds appropriated to the agencies of state government." TEX. CONST. art. XVI, § 69. The legislature has delegated to the governor and the legislative budget board the authority to redirect legislative appropriations in case of an emergency, when the legislature is not in session. Specifically, chapter 317 of the Government Code authorizes the governor or the legislative budget board, "[a]fter finding that an emergency exists," to "propose that the authority to spend, obligate the expenditure of, or distribute part or all of an appropriation made to a state agency: (1) be transferred to another state agency to be used for a specified purpose; or (2) be retained by the agency to which the appropriation was made but used for a purpose different from or additional to the purpose for which the appropriation was made." TEX. GOV'T CODE ANN. § 317.002(b) (Vernon 1998); *see also id.* §§ 317.004-.005 (Vernon 1998 & Supp. 2002) (procedural requirements). The legislative budget board may hold a public hearing on a proposal of the governor and may adopt, reject, or recommend changes to the proposal. *See id.* § 317.005(a) (Vernon Supp. 2002); *see also id.* § 317.005(b) (governor's authority with respect to board proposal). "Funds dedicated by the Texas Constitution are subject to being withheld under this chapter but are not subject to transfer except to another state agency entitled to receive appropriations from the funds under the terms of the constitution." *Id.* § 317.003(b) (Vernon 1998). Thus, under chapter 317, in the event of an emergency, the governor and the legislative budget board could act to redirect state motor vehicle registration fees already appropriated by the legislature for particular purposes to other uses permitted by article VIII, section 7-a of the Texas Constitution.

You also ask whether "the automobile state registration fee [is] considered a tax, which would require action by the House Ways and Means Committee?" Request Letter, *supra* note 1, at 1. As a general matter, courts in Texas uniformly have held that, in determining whether a statutorily created charge is a tax or a fee, the test is that of purpose. If the overall primary purpose of the charge is to raise revenues, then it is a tax; if its primary purpose is regulation, then it is a fee. *See, e.g., Tex. Boll Weevil Eradication Found., Inc. v. Lewellen*, 952 S.W.2d 454, 460-63 (Tex. 1997); *Conlen Grain and Mercantile, Inc. v. Tex. Grain Sorghum Producers Bd.*, 519 S.W.2d 620 (Tex. 1975); *Robinson v. Hill*, 507 S.W.2d 521 (Tex. 1974); *County of Harris v. Sheppard*, 291 S.W.2d 721 (Tex. 1956); *see also* Tex. Att'y Gen. Op. Nos. JC-0001 (1999), JM-963 (1988). Motor vehicle registration fees have been held to be taxes for some purposes, but not for others. *Compare*

*County of Harris*, 291 S.W.2d 721 (holding that motor vehicle registration fees are taxes for purposes of article VIII, section 3 of the Texas Constitution and therefore must be levied and collected by general as opposed to special laws) *with Atkins v. State Highway Dep't*, 201 S.W. 226 (Tex. Civ. App.–Austin 1918, writ ref'd) (holding that statutory motor vehicle registration fees were not taxes for purposes of article VIII, sections 1 and 2 of the Texas Constitution but rather license fees for the privilege of operating vehicle on public highways).

For purposes of your question, however, the relevant inquiry is how the House of Representatives characterizes motor vehicle registration fees, which are constitutionally authorized, in determining whether bills are to be considered by the House Ways and Means Committee. Article III, section 11 of the Texas Constitution provides that each house of the legislature may "determine the rules of its own proceedings." TEX. CONST. art. III, § 11. The constitution requires that a bill be referred to a legislative committee before it is considered, but does not establish particular committees or mandate the referral of certain categories of bills to certain committees. *See id.* art. III, § 37. Section 301.013(a) of the Government Code provides that each house "may determine the number, composition, function, membership, and authority of its committees" by its rules of procedure or by simple resolution. *See* TEX. GOV'T CODE ANN. § 301.013(a) (Vernon 1998). Given the authority of each house to establish its own rules of procedure and to determine the authority of its own committees, and in light of the absence of any applicable constitutional or statutory requirements, the determination whether proposed or contemplated legislation falls within the jurisdiction of a particular House committee is within the sole province of the House of Representatives.

We note that article III, section 33 provides that "[a]ll bills for raising revenue shall originate in the House of Representatives." TEX. CONST. art. III, § 33; *see also Day Land & Cattle Co. v. State*, 4 S.W. 865 (Tex. 1887) (article III, section 33 requirement "confined to bills to levy taxes in the strict sense of the words, and has not been understood to extend to bills for other purposes, which may incidentally create revenue"). We do not understand you to ask whether a bill regarding motor vehicle registration fees must originate in the House of Representatives but rather whether such a bill must be considered by the House Ways and Means Committee as opposed to some other House committee.

## S U M M A R Y

The governor is not authorized to increase or appropriate state motor vehicle registration fees. However, chapter 317 of the Government Code authorizes the governor and the legislative budget board in the event of an emergency to act to redirect state motor vehicle registration fees already appropriated by the legislature for particular purposes to other uses permitted by article VIII, section 7-a of the Texas Constitution.

Whether proposed or contemplated legislation falls within the jurisdiction of a particular House committee is a matter to be determined by the House of Representatives.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee